ALONZO P. HOLLY, *Appellant*, v. ROSE E. HOLLY, *Appellee.*

Opinion Filed June 10, 1921.

1. Where the necessities of the wife and the faculties of the husband are established by the pleadings it is not error for the judge to make an order for temporary alimony and counsel fees, without reference to a master.

2. Alimony *pendente lite* is awarded to furnish the wife, from whom the husband has withdrawn his support, with the means of living, and for the further reason, in which there is a high public interest, that she may not become a charge on the State, while her rights are being adjudicated. Counsel fees are awarded to enable the wife to maintain or defend her suit.

3. The matter of granting a stay of an order awarding temporary alimony and counsel fees is within the judicial discretion of the Circuit Judge, subject to review in this court upon application by the appellant.

4. Upon a proper showing this court will make an allowance for counsel fees for an indigent wife for services rendered to her in this court.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Orders affirmed.

*McCaskill* & *McCaskill,* for Appellant;

*A. J. Rose,* for Appellee.

BROWNE, C. J.—In a suit for alimony without divorce brought by Rose E. Holly, under Section 3197, Revised General Statutes, 1920, the chancellor awarded her $30.00 a month for temporary alimony and $50.00 for counsel fees.

Thereafter on January 15th the defendant, Alonzo P. Holly, applied to the Circuit Judge for a supersedeas order, stating in his application that "he desires to enter his appeal therefrom and have the said order reviewed by the Supreme Court and desires that said order be superseded, and respectfully moves the court to enter an order herein fixing the amount and condition of his superseded bond, and stay the proceedings under the said order for temporary alimony and counsel fees." The court denied the motion.

On the 14th of February the defendant entered his appeal from the order for the payment of alimony and counsel fees, and from the order of the 15th of January, denying the defendant's motion for the Judge to fix the amount of a supersedeas bond.

It is contended by appellant that the court should not have made an order for alimony and counsel fees without first referring the matter to a master to determine the necessities of the wife and the faculties of the husband, and cites Arendall v. Arendall, 61 Fla. 496, 54 South. Rep. 957. In that case this court held that the complainant made a sufficient showing as to her necessity, but adduced absolutely no proof as to the pecuniary ability of the husband to supply that necessity.

In the instant case the complainant made a sufficient showing as to her necessities, and the defendant in his sworn answer admitted that "his present annual practice amounts to about $2,500.00 to $3,000.00; that he has a stock of drugs and medicine of the value of about $350.00, and that he has an interest in real estate and personal property amounting to more than $500.00." Both the necessities of the wife and the faculties of the husband being established by the pleadings there was no need to refer the matter to a master, and it was not error for the Judge to make the order for temporary alimony and counsel fees without such reference.

The bill is attacked because it does not allege that the complainant was living apart from her husband "through his fault." The bill does not use these words, but it shows that he refused to live with her or provide for her support, and that she is living apart from him "by his order and not through her fault."

We think the bill sufficiently shows that she is living apart from her husband "through his fault," to authorize the chancellor to grant her alimony *pendente lite*, and counsel fees to enable her to prosecute her suit and defend herself from the charges set up in the answer, and there was no error in awarding temporary alimony and counsel fees.

The second assignment of error is based upon the court denying the defendant's motion asking the court to fix the amount and condition of a supersedeas bond. This application was made nearly thirty days before the entry of the appeal, and was not renewed thereafter. We might dispose of this assignment on the ground that the application was properly refused because made before

entry of appeal, but there is a more important question involved which we feel called upon to decide.

Section 3170, Revised General Statutes, 1920, provides that "No appeal from any interlocutory decision, judgment or decree of a circuit court sitting as a court of equity shall operate as a supersedeas unless the judge of the circuit court or a justice of the Supreme Court shall, on an inspection of the record, order and direct a stay of proceedings."

The principle upon which alimony *pendente lite* is granted is that the wife should not be left without any means of support while her rights are being adjudicated.

In the case of People *ex rel.* Earle v. Circuit Court, 169 Ill. 201, 48 N. E. Rep. 717, an appeal was taken from an order granting temporary alimony, suit money and solicitor's fees, and while the appeal was pending, "two more orders were made; one for the payment of $250.00 for solicitor's fees in defense of that appeal, and the other for payment of $40.00 alimony for the week ending April 6, 1895, the relator perfected appeals from the orders of April 4th. April 9, 1895, the court entered some more orders; one for $40.00 alimony for the week ending April 14, 1895, and two each for the payment of $100.00 solicitors fees for defending the appeals perfected April 9th. From these three orders the petitioners perfected appeals the next day."

Application was made for a writ of prohibition in which it was averred that the Judge had "announced in court that he would continue each week to enter order for alimony, and continue to order the payment of solicitor's fees for defending all appeals from orders for alimony and fees."

It was contended that the court exceeded its jurisdiction in entering the orders of April 4th and 9th; as such appeals staid the payment of any alimony and counsel fees until their determination.

The court dismissed the petition and sustained the right of the Circuit Judge to make the successive orders for temporary alimony and counsel fees, because of the right of the wife to compel the husband to furnish her with support during the pendency of her appeal, and to provide her with funds to defend an appeal from an order making such an allowance.

The court said: "We have seen that the husband has a right to appeal from both of such orders, and it would seem to be clear that the wife would have the right to call upon the court to compel her husband to furnish her the money to defend an appeal from such orders, and for her temporary support during their pendency."

This case is not determinative of the question under consideration, because there was no supersedeas statute before the court, but the principle upon which it was decided is the same as that involved here.

Alimony *pendente lite* is awarded to furnish the wife, from whom the husband has withdrawn his support, with the means of living, and for the further reason, in which there is a high public interest, that she may not become a charge upon the State, while her rights are being adjudicated. Counsel fees are awarded to enable the wife to maintain or defend her suit.

If an appeal from an order granting temporary alimony and counsel fees, the court must in all cases allow his order to be superseded, the wife might be deprived of means of living, might become a charge upon the State,

and would be prevented from defending her suit, which is the very purpose for which an award of counsel fees is made.

The matter of granting a stay of an order awarding temporary alimony and counsel fees is, therefore, within the judicial discretion of the Circuit Judge, subject to review in this court upon application by the appellant; the statute expressly providing that the stay of proceedings can be made upon the order of either "the Judge of the Circuit Court or a Justice of the Supreme Court on an inspection of the record."

A motion was made in this court, the consideration of which was postponed until final hearing, asking for the allowance of counsel fees for services of defendant's solicitor in this court. This we have power to do. Prine v. Prine, 36 Fla. 676, 18 South. Rep. 781.

Filed with the motion were affidavits of three reputable attorneys of large practice, and of the special master in chancery appointed by the Circuit Judge, to take testimony as to the ability of the defendant to pay a reasonable attorney's fee.

Upon consideration of the affidavits, record and briefs we consider that one hundred and fifty dollars is a reasonable fee for the services of the solicitor for the appellee in briefing her cause in this court, and it is, therefore, ordered that the appellant, Alonzo P. Holly, pay to A. J. Rose, Esq., as solicitor for Rose E. Holly, his wife, the sum of one hundred and fifty dollars, within ten days from the filing of the mandate of this court in the office of the Clerk of the Circuit Court of Dade County.

The orders of the Chancellor appealed from are affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.