TERRELL, Justice.
Appellant and appellee were married the second time September 9, 1951. A final decree of divorce was later secured and set aside for insanity of appellee. June 27, 1952, appellant filed suit to annul the marriage on the ground that defendant was in-r sane at the time and incompetent to enter into the marriage contract. Hon. Lilburn R. Railey was appointed guardian ad litem for defendant. He filed an answer denying the charge of insanity and prayed for divorce, or, in the alternative, separate maintenance. On the issues so made testimony was taken by the court and a final decree was entered granting the petition for separate maintenance, costs, attorney’s fees, alimony and doctor’s bills incurred for defendant. This appeal is from the final decree.
The first question urged challenges the sufficiency of the evidence to prove insanity of defendant when the marriage relation was contracted.
As already indicated this was the second time the parties pledged to take each other for better or worse and each stand by the other as long as both were privileged to draw the breath of life. It is shown that the officiating minister questioned them as to the sanctity of the marriage vow; the court did likewise and counsel for both parties were present and propounded questions to determine appellee’s sanity. Predicated on the answers to these questions the court found appellee competent to undertake the marriage relation. There was ample competent evidence to support the chancellor’s finding on this point, despite the fact that appellee was later committed to the State Hospital at Chattahoochee, their marriages were somewhat summary in nature, having been contracted and consummated after three or four interviews, and whatever sanctity there was to the contract apparently faded out along with the sound of the wedding bells. An old saying admonishes that love is blind. It may have been afflicted with myopia in this case, but when a chancellor beholds the witnesses and finds the evidence sufficient to support sanity when the marriage was contracted, we *567 will not overthrow his finding for unfortunate circumstances that later intervene.
It is next contended that the court committed error in refusing to permit the introduction of a transcript of the evidence of a physician taken in the proceeding to annul the marriage.
The introduction of this evidence was purely in the discretion of the court and there is no showing of abuse of discretion, so far as the record shows there was no effort made to secure the attendance of the witness and there was no showing that he was not available. Counsel for defendant was appointed by the court and had never had a chance to question the witness. The rule is well settled that if the witness is available what he testified to in another ■case will not be substituted for oral evidence. Liddon v. Board of Public Instruction, 128 Fla. 838, 175 So. 806; Alexander v. Bess, 123 Fla. 713, 167 So. 533; McDougald v. Imler, 153 Fla. 619, 15 So.2d 418.
Other questions challenge the power of a ■chancellor to grant separate maintenance unconnected with divorce, to award counsel’s fees to the wife’s attorney including ■cost of the litigation.
There is no merit to any of these ■contentions. The statute, Section 65.10, Florida Statutes 1949, F.S.A., authorizes the court to grant separate maintenance unconnected with divorce. Alimony, suit money and attorney’s fees always accrue •against the husband in a case like this, absent a showing of adultery on the part of the wife in which alimony may not be enforced. Masilotti v. Masilotti, 150 Fla. 86, 7 So.2d 132; Chesnut v. Chesnut, 160 Fla. 83, 33 So.2d 730. There is no showing that the amounts awarded were not justified. We think a fee of $200 should be allowed attorney for appellee in this court.
The decree appealed from is , therefore .affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.