HOBSON, Justice.
Appellant wife sued her husband for separate maintenance unconnected with causes for divorce. After answer by the husband (who is appellee here, and who has filed a cross-appeal) the chancellor heard the testimony and ordered the husband to pay his wife for her separate maintenance the sum of $450 per month, commencing on the date the final decree was entered, and also to pay all taxes on the home place of the wife, plus the costs of suit. In addition, the husband was required by the final decree to pay to his wife’s attorneys the sum of $50, which amount represented payment for the services of these attorneys in preparing and arguing a petition to compel the husband to answer certain questions which had been propounded to him on discovery deposition. The chancellor in his final decree proceeded to deny the wife any attorneys’ fees in the main suit, and on this issue he stated in part as follows:
“The evidence in this cause discloses and the Court so finds, that the plaintiff, Louise L. McFarlin, has a net worth, in her own right, of approximately $100,000.00 and is therefore well able to provide compensation for her attorneys. * * * Section 65.10, F.S.1953 [F.S.A.], under which this proceeding is brought, being silent concerning suit money or attorneys fees, it is the Court’s opinion that the allowance of attorneys fees for the Plaintiff wife is not a matter of strict right, but a matter of sound discretion of the Court and the Court finding that the plaintiff wife in this cause being possessed in her own right of real and personal property of the value of approximately $100,000.00 and well able financially to compensate her own attorneys, an allowance that her attorneys be compensated by the defendant is denied. See Thompson v. Thompson, [86] Fla. [515], 98 So. 589.”
Appellant wife first contends that the chancellor erred in denying attorneys fees for the main suit. This contention is based m part upon the proposition that the record does not support the chancellor’s finding pertaining to appellant’s net worth. We have reviewed the record at length, and conclude that the chancellor’s finding on this aspect of the case is abundantly supported. It is next argued-that the value of appellant’s separate estate is not pertinent tc> the issues involved. In' support of this argument, appellant compares F.S. §§ 65.09 (alimony unconnected with divorce) and 65.10, F.S.A. (alimony unconnected with causes of divorce) and emphasizes again and again that this suit was brought under the latter section. There is no doubt that the suit was brought under Section 65.10, as the chancellor found. There is also no doubt that a chancellor is authorized under this section to grant attorneys fees. Abbe v. Abbe, Fla., 68 So.2d 565; Holly v. Holly, 81 Fla. 881, 89 So. 132; Warren v. Warren, 73 Fla. 764, 75 So. 35, L.R.A.1917E, 490. But it has long been the law, as appellant concedes, and as the chancellor held, that under this section counsel fees may be granted or withheld by the chancellor in the exercise of sound judicial discretion. Thompson v. Thompson, 86 Fla. 515, 98 So. 589, cited in the quoted portion of the final decree, supra. The same is true under Section 65.09, Condon v. Condon, 117 Fla. 98, 157 So. 177. In fact, although Section 65.09 provides in part that “the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just”, while Section 65.10 states that “the court shall make such orders as may be necessary to secure to her such maintenance or contribution”, and there is thus a difference in language between the two sections, we can perceive no substantive difference which would be relevant here. Certainly there is nothing in either section which renders mandatory the granting of counsel fees to the wife, and eliminates the wife’s need therefor from the consideration of the chancellor. We hold that on the record in this case the chancellor did not' abuse his discretion in denying counsel fees to the wife upon the ground assigned. The case of Abbe v. Abbe, supra, 68 So.2d 565, is *582 not contrary- to this holding, for in that case the wife was not shown to be a woman of ample independent means, as here, but on the contrary, as the opinion in that case indicates, the wife was committed to the State Hospital at Chattahoochee, and was apparently in no position to pay counsel.
Appellant next contends that the chancellor erred in ordering that the monthly payments for separate maintenance be commenced effective on December 1, 1953 with the entry of the final decree, albeit the husband moved' out of his wife’s home on June 15, 1953 and she paid her current expenses from her separate estate thereafter. For a considerable part of this time the present suit was pending, and the complaint contained a request that defendant be required to pay temporary alimony to support the plaintiff throughout the litigation. The record, however, contains no indication that -this point was ever pressed before the chancellor, or that formal application for the allowance of temporary alimony was ever made or argued below. For all that appears, the chancellor might well have concluded that the request for temporary alimony had been abandoned, and might have taken this conclusion into account in-establishing the sum of $450 per month as permanent alimony, and we therefore are of the opinion that we should not consider the failure to award temporary alimony without reopening the whole case, which would be unjustified upon this record.
We have considered the matter raised by the cross-assignment of error, but find no merit in it.
Affirmed.
ROBERTS, C. J., and SEBRING, MATHEWS and DREW, JJ., concur.
THOMAS, J., concurs in part and dissents in part.
TERRELL, J., not participating.