162 So.2d 314 (1964)
Donald (Don) W. GRACE, Appellant,
v.
Ruth F. GRACE, Appellee.
No. F-30.
District Court of Appeal of Florida. First District.
March 31, 1964.
*316 Kurz, Toole, Maness & Martin, Jacksonville, for appellant.
Walter G. Arnold, Jacksonville, for appellee.
MASON, Associate Judge.
Pursuant to Rule 4.2, F.A.R., 31 F.S.A., appellant has taken an interlocutory appeal from an order entered by the chancellor below awarding temporary alimony and other relief pendente lite.
After appellant filed his brief herein the appellee moved to strike that portion of the record below designated as "Testimony and Proceedings" which was filed by appellant herein in lieu of incorporation in an appendix of those portions of the record below (including extracts from the testimony) considered necessary for this Court to determine this appeal. This Court does not feel impelled to strike that portion of the record moved to be stricken by appellee inasmuch as the portion sought to be stricken consists only of 78 pages, and the rule (3.7, subd. j, F.A.R.) provides that appendices may be omitted entirely if the record on appeal consists of 75 pages or less. Although this Court does not countenance breaches of the rules of appellate procedure, which have been purposely designed to expedite the disposition of appeal by the appellate courts of this State, the Court does not feel that in this instance there has been such a violent departure from the requirements of Rule 4.2, subd. d, F.A.R. as would justify such radical action as striking from the record herein the transcript of the testimony before the chancellor below. Furthermore, *317 reference has been made by appellant in his brief to specific portions of the transcript below relied upon by him to support his assignments of error, and the Court in this particular instance has not been hindered or handicapped by the rule departure in the expeditious determination of this appeal. A rule should not be so construed as to require an unnecessary expense to a litigant (Thompson v. Food Fair Stores of Florida, Inc., Fla.App., 107 So.2d 393).
The assignments of error pose two questions concerning the validity of the chancellor's pendente lite order herein. The first assignment of error raises the question as to whether the record before the chancellor sufficiently established a valid marriage between the parties to this suit, which is a necessary prerequisite to the award of temporary alimony and other relief pendent lite. Concerning this point, the evidence shows that appellant and appellee were married to each other at Ft. Lauderdale, Florida, on May 1, 1959, and lived together in Florida as husband and wife from that time until October, 1963, a period of over 4 years. The appellee had been previously married and was divorced from her first husband in the State of Alabama in 1959, prior to her marriage to appellant. She had three children by her first husband, two of whom lived with her and the appellant prior to their separation. At the time of the temporary hearing below, appellee was receiving Two Hundred Dollars ($200.00) a month for the support of her children from her first husband. She testified that she had never established residence in any other state other than Florida and New Jersey, except "temporary residence to get a divorce in Montgomery, Alabama", during which time she physically remained in the State of Alabama over a weekend. This testimony was elicited by appellant's counsel on cross examination. It is not disputed that the plaintiff was a resident of Florida for a time much longer than the statutory requirement for a divorce in this state. Appellant, however, charges that the present marriage between the parties to this suit is invalid for the reason that appellee was not a bona fide resident of the State of Alabama, and therefore, was guilty of fraud in the procuring of the Alabama divorce decree, and that such decree was invalid, and the appellee not competent for that reason to marry appellant herein.
This point is not well taken. It is an elementary principle of domestic relations law that a marriage, once shown to have been ceremonially entered into as was that between the appellant and the appellee, is presumed to be legal and valid. All the presumptions necessary to make a marriage valid, including capacity to contract, attach on proof of a ceremonial marriage and cohabitation by the parties under the belief that they were lawfully married. Furthermore, as to the validity of a subsequent as against a previous marriage of the same person, the second or subsequent marriage is presumed to be valid. Such presumption is stronger than and overcomes, or rebuts, the presumption of the continuance of the previous marriage, and the burden of proving the continuance of the previous marriage and the invalidity of the subsequent marriage is on the party attacking the validity of the latter. The presumption in favor of the validity of the subsequent marriage formally entered into is so great that in the absence of competent proof to the contrary it is to be assumed that the previous marriage has been dissolved either by death or legal action (21 Fla.Jur., Marriage, Sec. 42); and where the parties are united in a ceremonial marriage which has been consummated by cohabitation an order for temporary alimony is supported by prima facie proof or admission of the marriage (Arendall v. Arendall, 61 Fla. 496, 54 So. 957).
It is to be noted that the first time the appellant raised the question of the validity of his marriage to the appellee was at the time of hearing upon her application for temporary alimony. At that time no defensive pleadings had been filed and no formal attack made upon the Alabama divorce *318 by appellant. He did, in a left-handed manner, attempt to show the invalidity of the Alabama divorce by eliciting from appellee the statement that she established "temporary residence to get a divorce in Montgomery, Alabama". Having accepted all of the benefits and privileges of the marital relation with appellee for a period of over 4 years, it ill behooves appellant to question the validity of his marriage to appellee in any such manner.
Appellant's conduct in accepting the benefits of the marriage which he now attempts to invalidate may not in law amount to an estoppel against him to raise the question, but it is a circumstance which cannot be entirely ignored, for he certainly does not raise the question with "clean hands". If the law permitted a spouse to do this, it would, in the words of the California Court in Harlan v. Harlan, 70 Cal. App.2d 657, 161 P.2d 490, amount to "flagrant invitation to others to attempt to circumvent the law cohabit in unlawful state, and when tired of such situation, apply to the courts for a release from the indicia of the marriage status."
But, even if appellant is not estopped on equitable principles, he cannot legally challenge the validity of the Alabama decree obtained by appellee. He cannot attack collaterally that decree to which he was not a party. He is not permitted to do this because he has not shown by this record that he occupied a status, or had a right at the time of the entry of the Alabama decree which was, or could be, affected thereby. A stranger to a decree rendered by a foreign court may impeach such decree only when it is attempted to be enforced against him so as to affect rights or interests acquired by him prior to its rendition (Gaylord v. Gaylord, Fla., 45 So.2d 507).
Furthermore, if it be conceded that the record herein shows that the Alabama divorce was invalid, there is no showing that appellee's first husband did not himself obtain a divorce from the appellee prior to the appellee's marriage to the appellant, or that he had not died prior to said marriage. In face of the presumption of the validity of the second marriage of appellee, in order to overcome the presumption of its validity, appellant has the burden of negating both of these possibilities. This he has not done. We hold that for the purpose of the hearing pendente lite, and as a prerequisite to an order granting relief to appellee based thereupon, a valid marriage between the parties to this suit was shown to exist.
The second point raised by the assignments of error herein is that concerning the award by the chancellor of temporary alimony and the use of an automobile pendente lite to appellee-plaintiff below. The trial court awarded the appellee-wife Seven Hundred and Fifty Dollars ($750.00) per month as temporary alimony, awarded her the exclusive use of the marital home pendente lite, and required appellant-husband to furnish her with an automobile, and to pay taxes on the marital home and insurance on the automobile. The award to her of the use of the marital home pendente lite is not challenged. It is the contention of appellant that the chancellor abused his discretion in making this award of temporary alimony. We agree, and must reverse that part of the interlocutory order awarding such temporary alimony.
We recognize that whether temporary alimony should be granted rests within the sound discretion of the chancellor. However, this discretion is not an arbitrary one, but a judicial discretion, to be exercised in accordance with established rules adapted to the facts of each case, and is subject to review. We hold that the award of temporary alimony in this case is not justified by the record before the chancellor.
The facts before the trial court, summarized, are that the appellee-wife had a net worth of approximately Three Hundred Thousand Dollars ($300,000.00), as against the net worth of appellant-husband of *319 approximately Eighty-one Thousand Dollars ($81,000.00); that appellee-wife had liquid assets of Seven Thousand Dollars ($7,000.00), consisting of a savings account and checking account, and the appellant-husband had approximately Thirty-six Hundred Dollars ($3,600.00), consisting of a savings account of Twenty-six Hundred ($2,600.00), a checking account of Seven Hundred Dollars ($700.00), and cash in hand of Three Hundred Dollars ($300.00). It was established at the temporary hearing that the capital of appellee's estate consisted of a trust having a net worth of approximately One Hundred Thousand Dollars ($100,000.00), a One-fourth (1/4) interest in a national bank having a value of approximately One Hundred Seventy-five Thousand Dollars ($175,000.00) and a brokerage account in which she had an interest of approximately Twenty Thousand Dollars ($20,000.00). Also, that appellant owed her some Fifteen Thousand Dollars ($15,000.00) which she had paid for him on account of a business note of his, upon which she was co-maker. She owned the household furnishings in the marital home, upon which no valuation was placed at the temporary hearing. Appellant's capital assets primarily consist of his part interest in two (2) automobile agencies of the value of Seventy-seven Thousand Seven Hundred Fifty-six and 87/100 ($77,756.87), as well as some unimproved real estate valued at One Thousand Dollars ($1,000.00), and three (3) purebred cows valued at Three Hundred Dollars ($300.00).
As to the income of the respective parties, the evidence indicated that the wife received Two Hundred Dollars ($200.00) per month from her first husband as support money for two minor children; that in 1962 she received Six Hundred Seventy-two and 55/100 ($672.55) from the trust account which had been set up in her father's estate; that she received in 1962 and 1963 income from the national bank in which she has stock sufficient to pay approximately Thirty Thousand Dollars ($30,000.00), principal and interest, on the promissory note above referred to; that after paying said joint indebtedness from the dividends from said national bank there remained a balance of said dividends to her of approximately Fourteen Hundred Dollars ($1400.00); that appellee will receive another dividend payment from the bank in June, 1964, the exact amount of which is not known, but based upon previous years, would approximate Fifteen Thousand Dollars ($15,000.00) that during the marriage of the parties appellee contributed from her own income and estate toward the marital expenses approximately Fifteen Thousand Dollars ($15,000.00) a year. Any profit received from the stock account goes for the purchase of other stock, and appellee receives no income from the same.
As to appellant's income, the record indicates that he received from one of the automobile agencies as income, the sum of Fourteen Thousand Seven Hundred and Fifty Dollars ($14,750.00) in the year of 1962, and he testified that he had at the time of the hearing monthly take home pay of Twelve Hundred and Forty Dollars ($1240.00) from this agency. The net profit of the other automobile agency, in which appellant has a One-third (1/3) interest, for the year 1963 through October 31st, was Fourteen Thousand Dollars ($14,000.00). When distributed, it would increase the appellant's monthly income by Four Hundred and Sixty Dollars ($460.00), or to a total of Seventeen Hundred Dollars ($1700.00) per month. Of this amount, he testified that he was obligated to pay Nine Hundred and Seventy-five Dollars ($975.00) per month interest on account of an outstanding loan, leaving a net monthly income to appellant of approximately Seven Hundred and Twenty-five Dollars ($725.00).
The record, therefore, discloses that the appellee's net annual income, not including support money received for her children from her first husband, is approximately Fifteen Thousand Dollars ($15,000.00), as compared to the appellant's of approximately *320 Eight Thousand Seven Hundred Dollars ($8,700.00).
As stated above, at the time of the temporary hearing, appellee had liquid assets of Seven Thousand Dollars ($7,000.00), as against the appellant's Three Thousand Six Hundred Dollars ($3,600.00).
The record discloses that appellee's needs at the time of the hearing required an expenditure of approximately One Thousand Dollars ($1,000.00) per month, of which appellant has contributed Seven Hundred and Seventy Dollars ($770.00), or Twenty Dollars ($20.00) per month more than the chancellor ordered appellant to pay her as temporary support and alimony. Appellee argues that inasmuch as appellant supplied her with Seven Hundred and Seventy Dollars ($770.00) per month prior to the separation, that he is in no position to claim inability to pay Seven Hundred and Fifty Dollars ($750.00) per month pendente lite. Appellee cites Klein v. Klein, Fla.App., 122 So.2d 205, as authority to sustain her position. However, the case at bar is distinguishable from Klein in two respects. First, the decision in Klein dealt with the fixation of permanent alimony where the circumstances affecting the award are necessarily different from those determining the amount of the award for temporary alimony. As stated in Holly v. Holly, 81 Fla. 881, 89 So. 132, temporary alimony is an allowance made to the wife for her maintenance during the pendency of the action for divorce, or for alimony without divorce, and it is awarded to furnish the wife the means of living, in order that she may not become a charge upon the State while her rights are being adjudicated. The first requisite for the allowance of temporary alimony is the need of the wife for continued support from her husband, which it is claimed he has withdrawn, in order that she might live until her rights are adjudicated at final hearing. The statute authorizing the allowance of temporary alimony (F.S. § 65.07, F.S.A.) is not intended to make provision for such allowance to a wife who has liquid assets with which to keep herself in reasonable comfort pending final hearing. We recognize that even on application for temporary alimony the wife would not be obligated to dispose of capital assets, but we hold that if she has cash in bank sufficient to support herself while the suit is pending, as the record herein shows the appellee to have, the Court should not award temporary alimony, even though the record may disclose that the husband is able to pay it. Also, the case at bar is distinguished from Klein in that in Klein the record indicated that the husband was well able to pay the amount of the award made to his wife, while in the case at bar, appellant's net income of Seven Hundred Twenty-five Dollars ($725.00) per month is insufficient to meet the award of the chancellor, and does not take into consideration his own living expenses.
It may well be that after the case is at issue upon answer of the appellant, and the trial court hears and considers all of the testimony and evidence concerning the equities of the respective parties, together with their financial position at the time of the final hearing, an award of permanent alimony to appellee would be justified. Furthermore, the chancellor, at final hearing, might properly take into account in fixing the amount of permanent alimony to be allotted to appellee, in the event he determines an award of permanent alimony justifiable, the sums of money spent by appellee in support of herself pendente lite. At final hearing, the chancellor is granted a much broader discretion in determining the financial rights and obligations of the parties, including the fixing of permanent alimony, than he is at the temporary hearing when the primary consideration is the then need of the wife for such support as will provide for her until such final hearing.
The chancellor's order insofar as it directs the payment by appellant to appellee of temporary support and alimony is reversed, and this cause is remanded with direction to strike said requirement from *321 the order. In all other respects the interlocutory order is affirmed.
Affirmed in part and reversed in part and remanded with directions.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.