## Staunton

JOHN EDWARD GEORGE v. JUDITH SIDES KING.

September 8, 1967.

Record No. 6465.

Present, Eggleston, C.J., and Spratley, Buchanan, Snead, Carrico and Gordon, J.J.

*Arthur E. Smith; Evans B. Jessee* for appellant.

*Ernest W. Ballou; F. Rodney Fitzpatrick* for appellee.

EGGLESTON, C. J., delivered the opinion of the court.

[1] John Edward George filed in the Circuit Court of Roanoke county a bill of complaint against Judith Sides King, alleging that on December 31, 1963 he had entered into a "supposed marriage" with the defendant relying upon her representation that she had been lawfully divorced from her former husband, Joseph H. King; that following the supposed marriage and in the honest belief that he and the defendant were lawfully married, he had purchased certain real estate in Roanoke county and caused it to be conveyed to him

and his supposed wife as tenants by the entireties with the right of survivorship. It was further alleged that subsequent to the marriage the plaintiff had learned that the defendant had not been lawfully divorced from King, her former husband, but was still his wife; that although the defendant, Judith Sides King, had obtained a decree of divorce from King in the Circuit Court of Prince William county, Virginia, that decree "was void for want of jurisdiction" of the court, because at the time of the institution of the divorce proceeding by Judith Sides King she was not a resident of and had not been domiciled in the State of Virginia and the county of Prince William for one year next preceding the filing of the suit, as required by Code, § 20-97 [Repl. Vol. 1960], and for the further reason that in the divorce proceeding Judith Sides King had obtained an order of publication against her then husband upon the false affidavit that his whereabouts was unknown to her.

The bill prayed for the entry of a proper order declaring the "supposed marriage" between the plaintiff, John Edward George, and the defendant, Judith Sides King, to be a nullity, and compelling her to convey to the plaintiff all of her interest in the real estate referred to in the bill.

The defendant filed an answer asserting that her divorce from King and her subsequent marriage to the plaintiff were valid and that the plaintiff was estopped to deny it. In a demurrer the defendant asserted that the plaintiff's present suit was an attempted collateral attack on the decree of divorce granted by the Circuit Court of Prince William county, and that the plaintiff had no legal right to make such attack since he was a stranger to such divorce proceeding. It was further asserted in the demurrer that the divorce proceeding in Prince William county was regular and complete in all respects and was not subject to collateral attack and review in the present proceeding.

By agreement of the parties and with the consent of the lower court, the record of the prior divorce proceeding in the Circuit Court of Prince William county was introduced in evidence in the present case and considered by the court in ruling on the demurrer. The court sustained the demurrer on both grounds asserted therein and entered a decree dismissing the present bill of complaint. The decree also awarded to the defendant, Judith Sides King, the sum of $1375 as counsel fees, travel allowance and court costs in the present proceeding.

In his appeal the plaintiff, John Edward George, challenges the action of the lower court in sustaining the demurrer to the bill and in awarding the allowance to the defendant of counsel fees, traveling expenses and court costs.

In our view the lower court properly sustained the demurrer on the first ground therein asserted and it is not necessary that we consider whether it should also have been sustained on the second ground.

The principles applicable to the right of a collateral attack upon a divorce decree by one who is not a party to that proceeding are thus stated in 24 Am. Jur. 2d, Divorce and Separation § 485, pp. 610, 611:

"The mere fact that one who challenges a divorce decree which affects his interests adversely, as void for want of jurisdiction, is a stranger to the divorce action, does not prevent him from making the attack. But in order that a stranger to the divorce action may attack the decree collaterally, it must appear that he had a legally protected interest which was adversely affected by the decree.

"If one who was not a party to an action for a divorce has a right, at the time of the entry of the decree, which will be adversely affected by the enforcement of the decree, and the decree is void for want of jurisdiction, he may attack it collaterally. Indeed, a court cannot, by its findings in a divorce case, affect existing rights of strangers to the action who had no notice of or right to a hearing in the action; * * * ."

Continuing, the author says (at page 611):

"The courts do not agree as to whether the right or interest adversely affected by a divorce decree must have accrued prior to the time the decree was rendered, or whether it is sufficient that such interest accrued thereafter, but prior to the institution of the litigation in which the validity of the divorce decree is impeached. Some courts take the view that only those strangers to a judgment who, if the judgment were given full force and effect, would be prejudiced in regard to some pre-existing right, are permitted to impeach the judgment. [Citing inter alia, *Evans* v. *Asphalt Roads & Materials Co.*, 194 Va. 165, 72 S. E. 2d 321 (1952).] Other courts, taking a view to the contrary, hold that the right of the stranger need not exist at the time the decree is entered in order that he may attack it, but that it is sufficient that he has a right

which is affected at the time he attacks the decree. * * *" [Citing *Old Colony Trust Co.* v. *Porter*, 324 Mass. 581, 88 N. E. 2d 135, 12 A. L. R. 2d 706 (1949).]

*Evans* v. *Asphalt Roads & Materials Co.*, *supra*, 194 Va. 165, 72 S. E. 2d 321, was a workmen's compensation proceeding by Mae Lawson Evans claiming compensation as the widow of Roy N. Evans, an employee of Asphalt. Sallie G. Evans, a former wife of Roy N. Evans, from whom he had been divorced in a proceeding in a Nevada court, appeared as a claimant on behalf of her infant son, Kiah Evans. She attacked the Nevada divorce decree dissolving her marriage with Evans on the ground that it was void for lack of jurisdiction of the court, that Evans was not free to marry Mae Lawson Evans, that she was not his lawful wife and was not entitled to participate in the workmen's compensation benefits. The Industrial Commission entered an award in favor of Kiah Evans, the child of the first marriage, and Mae Lawson Evans, the second wife, appealed. We reversed the award, holding that Kiah could not collaterally attack the Nevada divorce decree because he was a stranger to that proceeding and had no interest therein at the time the decree was entered. 194 Va. at 175 *ff.*, 72 S. E. 2d at 327 *ff.*

That view is in accord with the weight of authority and supported by recent cases from other jurisdictions. *Fisher, Adm'r,* v. *DeMarr,* 226 Md. 509, 174 A. 2d 345, 350 (1961); *Grace* v. *Grace,* Fla. App., 162 So. 2d 314, 318 (1964); *Tippin* v. *Tippin,* 148 Conn. 1, 166 A. 2d 448, 450 (1966); *Bair* v. *Bair,* 91 Idaho 30, 415 P. 2d 673, 674 (1966).

The *Evans* case is conclusive of the case now before us. Since it appears from the plaintiff's bill of complaint and the record of the proceedings in the Circuit Court of Prince William county that John Edward George was a stranger to the latter proceedings and had no pre-existing interest to be adversely affected by the divorce decree awarded to Judith Sides King, he had no legal right to attack that decree in the present proceeding. Consequently, the lower court properly sustained the demurrer to the bill of complaint.

The present case is clearly distinguishable from *Howe* v. *Howe, Ex'x,* 179 Va. 111, 18 S. E. 2d 294 (1942). In that case Margaret Flinn Howe was permitted to attack a decree of divorce which her husband, Dr. George Howe, had obtained in Arkansas on the false and fraudulent claim that he was a resident of that State at the time

the decree was entered. But at the time that decree was entered Mrs. Howe had an existing right to maintain the validity of her marriage which was adversely affected by the divorce decree.

[2] We think the lower court properly awarded an allowance to the defendant, Judith Sides King, for counsel fees, expenses and court costs in resisting the plaintiff's efforts to annul her marriage to him. Code, § 20-103 [Repl. Vol. 1960]; *McFarland* v. *McFarland*, 179 Va. 418, 433, 19 S. E. 2d 77, 84 (1942). On the motion of the defendant wife, her counsel will be allowed an additional fee of $500 and traveling expenses incurred in her behalf in this court. *Pretlow* v. *Pretlow*, 177 Va. 524, 555, 14 S. E. 2d 381, 389 (1941). With this modification the decree is affirmed.

*Modified and affirmed.*