455 So.2d 577 (1984)
Ronald F. WOLFSON, Appellant,
v.
Eva L. WOLFSON, Appellee.
Nos. 83-2125, 83-2430.
District Court of Appeal of Florida, Fourth District.
August 29, 1984.
Rehearing Denied September 21, 1984.
*578 J. Mark Maynor of Beverly & Freeman, West Palm Beach, for appellant.
Ronald E. Jones, West Palm Beach, for appellee.

ON REHEARING
PER CURIAM.
We grant the petition for rehearing, withdraw our opinion issued on June 27, 1984, and substitute the following opinion.
The husband appeals four non-final orders of the trial court in a dissolution of marriage action. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(B) and 9.130(a)(3)(C)(i) and (iii). One of the orders the husband appeals denies the husband's motion to dismiss for lack of in personam jurisdiction. The remaining orders concern temporary alimony and child support.
Ronald and Eva Wolfson were married in New York in 1979 and made their marital home in Chile, where Mr. Wolfson was employed by an American bank. A son was born to the marriage. There came a time when Mrs. Wolfson left the marital home, taking the child with her, and took up residence in Palm Beach County, where her father also lives. When Mr. Wolfson, who has never resided in Florida, came to visit the child, he was served with summons and complaint in a marriage dissolution suit commenced by Mrs. Wolfson.
We hold that the trial court correctly denied appellant's motion to dismiss for lack of personal jurisdiction. Still alive and well is the traditional principle that proper service on a person found within the territory of the state effects in personam jurisdiction when the person is present voluntarily, not because of fraud or trick, and not to appear in court on an unrelated matter. Appellant is mistaken when he contests the court's personal jurisdiction of him on the ground that he lacks connection with the state of the kinds set forth in section 48.193(1)(e), Florida Statutes (1983). That section comes into play where there is not already territorial jurisdiction, or personal jurisdiction has not otherwise been acquired. It expands rather than limits the historic jurisdiction of Florida courts, albeit it does not expand that jurisdiction as far as federal case law would permit.
Appellant also challenges both the award and the amount of temporary support for appellee and the parties' minor child. He contends that since appellee has liquid assets in the amount of $65,000 and derives interest income from a trust fund, that she is not entitled to temporary alimony. Alternatively, he argues that the amount of the award is excessive. Unfortunately, the trial court did not specify how much of the award represented alimony and how much represented child support. Such specification is preferred if not required. See Zalka v. Zalka, 100 So.2d 157 (Fla. 1958).
Appellant relies on Grace v. Grace, 162 So.2d 314 (Fla. 1st DCA 1964), and argues that the statute authorizing allowance of temporary alimony does not apply when a wife has substantial liquid assets with which to keep herself in reasonable comfort pending final hearing. Here appellee admitted that she had $65,000 in liquid assets and $19,000 annual interest income from a trust fund with which she could tide herself over for four to six months. At first blush, it appears the trial court failed to heed the language of Grace. However, appellee further testified that it would be necessary to deplete her savings *579 to maintain herself and her child. Appellee should not be compelled to consume her separate assets to maintain the style of living which she and appellant enjoyed. Lutgert v. Lutgert, 362 So.2d 58 (Fla. 2d DCA 1978), cert. denied, 367 So.2d 1125 (Fla. 1979); De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Weasel v. Weasel, 421 So.2d 749 (Fla. 4th DCA 1982). Our review of the record satisfies us that a basis exists in the record for an award of temporary alimony.
We find no merit in appellant's challenge of the amount of temporary relief awarded appellee and the parties' minor child. The only evidence before the trial court consisted of the parties' financial affidavits and the testimony of appellee. The resolution of this conflicting evidence was for the trier of fact and based on the record before us we find sufficient evidence to support both the award and the amount of temporary relief. The trial court has broad discretion in deciding matters of temporary alimony and child support and we will not disturb that discretion in the absence of a showing that no reasonable man would take the view adopted by the trial court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Under the circumstances of this case, we cannot say the trial court abused its discretion.
Therefore, we affirm the orders appealed with the caveat that either party may petition the court for further hearing on temporary relief if the circumstances warrant.
AFFIRMED.
GLICKSTEIN, DELL and BARKETT, JJ., concur.