WIGGINTON, Judge.
Appellants appeal a final judgment dismissing their suit against appellee resulting from the damages for fraudulent misrepresentation of material terms and conditions of a September 1984 sale to appellants by appellee of corporate stock of an automobile dealership, which is a Georgia corporation doing business in Bainbridge, Georgia. We reverse.
Appellee based his motion for dismissal on two grounds: lack of jurisdiction over the person and lack of subject matter jurisdiction. The trial judge apparently granted the motion to dismiss and entered the final judgment of dismissal on both of the above grounds, finding that the parties to this action have no sufficient contact with the state of Florida because there was no showing that appellee was a resident of the state of Florida at the time the cause of action accrued and that the suit is not a transitory action but is one involving Georgia real property and thus the proper forum is the state of Georgia.
Contrary to the trial judge’s finding, the record shows that appellee was a resi *58 dent of Florida at the time of service of process in this suit and, further, he was validly served with process within the state of Florida. Therefore, personal jurisdiction in the state of Florida attached as to appel-lee. Wolfson v. Wolfson, 455 So.2d 577 (Fla. 4th DCA 1984); compare 47.011, Fla.Stat.
In regard to subject matter jurisdiction, appellants' cause of action seeks damages and/or rescission of a promissory note based on allegations of fraud. As recognized in Royal v. Parado, 462 So.2d 849 (Fla. 1st DCA 1985):
[Cjourts of equity having jurisdiction of the person of a party have exercised the power to compel him to perform a contract, execute a trust, or undo the effects of a fraud, notwithstanding it may relate to or incidentally affect the title to land in another jurisdiction.
Thus, clearly the Florida trial court in this case has subject matter jurisdiction over the matter brought before it in this suit. Therefore, we reverse the final judgment of dismissal and remand for further proceedings consistent herewith, without prejudice to appellee to move for a change of venue to Franklin County, Florida, his place of residence, if desired, pursuant to section 47.011, Florida Statutes.
REVERSED AND REMANDED.
MILLS and SHIVERS, JJ., concur.