WARNER, J.
Appellant, representing herself, challenges the trial court’s order establishing temporary support for the parties’ three children, pending final resolution of two petitions she filed. She brought one petition to modify child support for the oldest child, who was born during the marriage. The other petition was brought to establish child support for the younger two children which, although born after the dissolution of the marriage, are acknowledged to be appellee’s children. The trial court sua sponte consolidated the two cases, so that it could consider one support figure under the guidelines for all three children. While appellant’s brief is confusing, it appears that she objects to this consolidation. We presume that she believes the consolidation will reduce her child support. However, we find no abuse of discretion in the consolidation and order of temporary support. We therefore affirm.
A trial court is afforded broad discretion in determining temporary child support, and a court’s order on this issue will not be disturbed unless no reasonable person would take the view adopted by the trial court. See Wolfson v. Wolfson, 455 So.2d 577, 579 (Fla. 4th DCA 1984).
We note that if the petitions were considered separately, the court would be required to deduct the child support paid to the first child when calculating appellee’s income for child support purposes for the second petition. See § 61.30(3)(f), Fla. Stat. (2000). Our calculations indicate that the amount of support would be approximately the same whether the petitions were considered separately or if consolidated. It is within the court’s discretion to take the approach it did.
Affirmed.
DELL and GUNTHER, JJ., concur.