COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


THOMAS RANDOLPH LEWIS
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1807-04-2                  JUDGE ROBERT P. FRANK
                                                     MAY 10, 2005
COURTENAY MUNFORD LEWIS


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                        Pamela S. Baskervill, Judge

            Donald K. Butler (Mary Beth Joachim; ButlerCook, L.L.P., on
            briefs), for appellant.

            David M. Branch for appellee.


        Thomas Randolph Lewis, appellant (husband), appeals the trial court's dismissal of his

cross-bill of complaint for annulment of his marriage to Courtenay Munford Lewis, appellee

(wife).  Wife contends husband lacks standing to challenge the validity of the previous marriage.

For the reasons stated, we find the trial court did not err.

                                    BACKGROUND

        The facts are essentially uncontroverted.  Wife married Frederick Latimer Wells on July

6, 1963.  On September 25, 1975, the Circuit Court of the City of Richmond, Virginia, entered a

final decree of divorce, finding wife had been "an actual bona fide resident of the City of

Richmond, State of Virginia . . . ."

        Wife married husband on March 1, 1976 in Haiti.  The couple lived together as husband

and wife until March 1, 2003, when they separated.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon learning that the Richmond divorce of September 25, 1975 may be void for lack of jurisdiction, wife, while married to appellant, filed again for divorce against Frederick L. Wells on May 23, 1979. Her bill of complaint, this time filed in Powhatan County, Virginia, alleged that the earlier divorce suit was "erroneously filed in the Circuit Court of the City of Richmond, Division II and that the divorce . . . decreed by that court is null and void." She further alleged she was not aware of the invalidity of the divorce decree until May 17, 1979. The Circuit Court of Powhatan County entered a final decree against Frederick L. Wells on August 30, 1979, finding "the facts alleged in the bill of complaint have been proved and fully sustained." Following this decree, neither wife nor husband took action to validate this present marriage.

On March 9, 2004, wife filed a bill of complaint against husband, praying for a final decree of divorce based on one-year separation. Among other relief, wife asked for an equitable distribution award.

Husband answered the bill of complaint and filed a cross-bill for annulment, alleging the marriage to be void. He claimed that at the time of their marriage, wife was not validly divorced from Wells.

Wife filed an answer to husband's cross-bill, asserting husband had no standing to attack the validity of the prior Richmond divorce. She filed a motion *in limine* requesting the trial court to preclude husband from introducing evidence of the prior 1979 pleadings and divorce decree entered by the Circuit Court of Powhatan County divorcing wife from Wells. The motion *in limine* asserted the Powhatan proceedings were relevant and material to neither the pending divorce nor the pending cross-bill for annulment and therefore were inadmissible.

Without presenting testimony, counsel argued their respective positions at the hearing. The trial court dismissed the cross-bill, finding husband had no standing to challenge the validity of the 1975 Richmond divorce. While the trial judge ruled solely on the standing issue, she also

concluded she saw nothing in the 1975 order that rendered it void. Further, the trial court opined there was no evidence in the 1979 divorce action from which the court could have concluded the 1975 decree was invalid. The trial court then said, "[s]o I do not believe Mr. Lewis has standing, but I mention these other two things for whatever help it is in the future." The court therefore granted the motion *in limine* and the motion to dismiss.

ANALYSIS

FINAL ORDER

As a preliminary matter, we asked both parties to brief the issue of whether or not the trial court's dismissal of the cross-bill is an appealable order. After reviewing the briefs, we are satisfied that this matter is properly before this Court.

This Court is vested with jurisdiction over matters involving affirmance or annulment of a marriage. Code § 17.1-405(3)(a). The statute allows that interlocutory orders may be appealed if they "adjudicate the principles of a cause." Code § 17.1-405(4)(ii). An interlocutory decree adjudicates the principles of a cause when the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit. Whitaker v. Day, 32 Va. App. 737, 743, 530 S.E.2d 924, 927 (2000). "An interlocutory order that adjudicates the principles of a domestic relations dispute 'must respond to the chief object of the suit,' . . . which is to determine the status of the parties' marriage and the custody of the parties' children, and, if appropriate, to award spousal and child support." Wells v. Wells, 29 Va. App. 82, 86, 509 S.E.2d 549, 551 (1999) (quoting Erikson v. Erikson, 19 Va. App. 389, 391, 451 S.E.2d 711, 713 (1994)) (citation omitted).

The order dismissing husband's cross-bill "adjudicates the principles of a cause." By holding that husband cannot attack wife's former marriage and by dismissing his suit for

annulment, the court has, by implication, determined that a valid marriage exists between husband and wife. This determines the rights of the parties and responds to the chief object of the suit because it determines the status of the parties' marriage. Because the court has determined that the parties are married, this ruling "would necessarily affect the final order in the case." See Erikson at 391, 451 S.E.2d at 713.

The dissent relies on Erikson to conclude the dismissal of husband's cross-bill is not an appealable order. Erikson does not involve the dismissal of a cross-bill. The facts in the Erikson opinion only recite that a bill of complaint was filed seeking a divorce. Id. at 390, 451 S.E.2d at 712. The trial court entered a decree that held only that the marriage was valid. Id. The decree "did not grant or deny a divorce, spousal support . . . . The decree, therefore, is not a final decree which disposes of the whole subject . . . and leaves nothing to be done by the court." Id. at 390-91, 451 S.E.2d at 712. We also determined the order was not an interlocutory decree that adjudicated the principles of the cause. Id. at 391, 451 S.E.2d at 712. We concluded:

> Although the factual finding and legal holding that the parties are validly married is an essential element of the complainant's cause of action, that ruling is not a legal determination of "the principles" that are necessary to adjudicate the cause, and the ruling does not "respond to the chief object of the suit which was to secure a divorce." See Webb v. Webb, 13 Va. App. 681, 682, 414 S.E.2d 612, 613 (1992); Polumbo v. Polumbo, 13 Va. App. 306, 411 S.E.2d 229 (1991); Weizenbaum v. Weizenbaum, 12 Va. App. 899, 407 S.E.2d 37 (1991); Pinkard [v. Pinkard], 12 Va. App. 848, 407 S.E.2d 339 [1991].

Erikson at 391-92, 451 S.E.2d at 713. Thus, we find Erikson is factually distinguishable and not controlling.

- 4 -

## DISMISSAL OF CROSS-BILL

This issue before this Court is narrow in scope. Husband argues the trial court erred in ruling he had no standing to challenge the validity of the 1975 Richmond divorce. Wife argues the present marriage is valid.

Appellant's only contention in his question presented is that the trial court erred in dismissing the cross-bill for annulment and ruling that the marriage between the parties is valid. He argues on brief that the 1979 Powhatan divorce decree renders the previous 1975 decree void. Husband's logic is that since the 1979 Powhatan County divorce determined the 1975 Richmond divorce decree between wife and Wells to be void, then wife was still married to Wells when she "married" husband in 1976. Thus, the marriage between husband and wife is a nullity.[1]

The 1979 proceedings are not before us since the trial court granted the motion *in limine*, thus barring the introduction of those pleadings at the trial level. Husband did not challenge the granting of the motion *in limine* on appeal. The validity of that ruling is not part of the question presented and thus is not cognizable on appeal. See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the 'questions presented', . . . we, therefore, decline to consider [it] on appeal"); see also Rule 5A:20(c). The only issue before us is whether the trial court erred in dismissing appellant's cross-bill for lack of standing.

---

[1] Since the parties did not argue the marriage between husband and wife was void *ab initio* and did not need any proceedings to declare it void, we will not address that issue. See Code § 20-43 (all marriages which are prohibited by law on account of either of the parties having a former wife or husband then living shall be absolutely void, without any decree of divorce, or other legal process).

Thus, we cannot consider the 1979 Powhatan County divorce in determining whether the trial court erred in dismissing the cross-bill for lack of standing.[2] Husband made it abundantly clear in his brief and oral argument that he is not attacking the 1975 Richmond divorce decree.

Husband, in this appeal, can only prevail by showing the 1979 Powhatan decree found the 1975 Richmond decree void. Without the 1979 divorce before us, husband's appeal fails. See Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) ("When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question.").

CONCLUSION

We find the trial court did not erred in dismissing the cross-bill for annulment.[3]

Affirmed.

---

[2] The trial court relied on the analysis in George v. King, 208 Va. 136, 156 S.E.2d 615 (1967) to conclude husband had no standing to contest the validity of the 1975 divorce decree from Wells.

In George v. King, George filed a bill of complaint against Judith King alleging that the parties entered into a "supposed marriage" based on wife's representation that an earlier marriage had been lawfully terminated. 208 Va. 136, 156 S.E.2d at 616. George later discovered that the divorce was void for lack of jurisdiction. George prayed, *inter alia*, for an entry of an order declaring the marriage between he and King a nullity. Id. at 137, 156 S.E.2d at 616. King responded by arguing George's suit was a collateral attack on the divorce decree between King and her former husband and that George was a stranger to that action. Id.

The Supreme Court of Virginia held that George's action was, in fact, a collateral attack on the divorce and George was not a party to that litigation. The court further concluded George had no "legally protected interest" adversely affected by the divorce decree. Id. at 138, 156 S.E.2d at 617.

[3] While both parties, in their briefs, argued estoppel and other equitable defenses, we do not address those issues because the trial court specifically declined to rule on those issues. Since wife prevails in this appeal, we need not discuss her argument on "divisible divorce."

- 6 -

Elder, J., dissenting.

I believe the order dismissing husband's cross-bill for annulment was neither a final order nor an appealable interlocutory order. Thus, I would dismiss the appeal.

Wife filed a bill of complaint for divorce and equitable distribution. Husband filed an answer and a cross-bill seeking an annulment. The cross-bill alleged the parties' 1976 marriage was void because wife's 1975 divorce from her prior spouse was void for lack of jurisdiction. Wife filed an answer to the cross-bill alleging that husband lacked standing to challenge the validity of the 1975 divorce decree from her prior marriage. Wife also moved to exclude evidence of a 1979 suit in which she again sought a divorce from her prior spouse based on her belief that the 1975 divorce was void for lack of jurisdiction.

The trial court agreed with wife that husband lacked standing to attack the decree, and it dismissed husband's cross-bill. It also granted wife's motion to exclude evidence of the 1979 suit. Before the trial court acted on wife's bill of complaint for divorce and equitable distribution, husband noted this appeal of the dismissal of his cross-bill for annulment.

The Court of Appeals has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order in such matters involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause." Code § 17.1-405; Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994). Code § 17.1-405(3)(a) specifically vests the Court with jurisdiction over matters involving affirmance or annulment of a marriage.

A final decree is one """which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.""" Erikson, 19 Va. App. at 390, 451 S.E.2d at 712 (quoting Southwest Va. Hosps. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951) (quoting Ryan's v. McLeod, 73 Va. (32 Gratt.) 367, 376 (1879))). We held in Erikson

that where a bill of complaint seeks a divorce, spousal support, and equitable distribution, and the court enters a decree determining only that the marriage is valid, the decree is not a final order because it does not "'dispose[ ] of the whole subject . . . and leave[ ] nothing to be done by the court.'" Id. at 391, 451 S.E.2d at 712.

Husband argues that the court's ruling was a final order as to his suit for annulment and, thus, that it was appealable. Husband contends Erikson is distinguishable because it discusses only a challenge to the validity of the marriage and does not indicate that either party sought an annulment or that a cross-bill was filed. Although we did not note in Erikson whether the validity of the marriage had been challenged by answer, cross-bill, or some other vehicle, I see no reason, in a divorce case involving an attack on the validity of the marriage, to determine the degree of finality to be accorded a ruling based solely on the type of pleading through which a litigant has chosen to launch that attack.

Under settled principles, the subject matter of a cross-bill must be "germane to the subject matter of the [original] suit." Charles E. Friend, Virginia Pleading and Practice § 9-2(d) (2004). A cross-bill "is an affirmative pleading whereby the defendant seeks the full and complete determination of all issues that arise from the pertinent subject matter of the original bill." Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 9.11 (1982 & Supp. 2004). "The dismissal of a bill of complaint will be accompanied by a dismissal of a cross-bill . . . if the [cross-bill] is *defensive* in nature. [Only] [i]f the cross-bill makes assertions upon which affirmative relief may be granted to the defendant [may] the action . . . proceed on the cross-bill despite dismissal of the original bill." Id. (citing Lile's Equity Pleading and Practice § 153 (3d ed. 1952)) (emphasis added).

The Virginia Supreme Court has concluded that, where one spouse attacks the validity of his or her marriage based on a claim that a prior marriage of the other spouse was not lawfully

terminated prior to the parties' marriage, such a suit constitutes an impermissible collateral attack on the prior marriage unless the spouse was a party to that litigation or had a "pre-existing," "legally protected interest" adversely affected by the prior divorce decree. George v. King, 208 Va. 136, 139-40, 156 S.E.2d 615, 616-17 (1967). The Court's holding in George makes clear that husband lacks standing to challenge the validity of wife's prior divorce and that husband's cross-bill is dependent upon the continuing existence of wife's bill of complaint for divorce and equitable distribution. Because husband's challenge to the validity of the marriage is inextricably linked to wife's request for a divorce and equitable distribution, I would hold the trial court's ruling on that challenge is not an appealable final judgment. Cf. Taussig v. Ins. Co. of North America, 301 So. 2d 21, 22-23 (Fla. Ct. App. 1974) (holding that where counterclaim is compulsory rather than permissive, no appeal may be taken from dismissal of counterclaim until underlying claim has been resolved).

For similar reasons, I would hold the order is not an interlocutory decree that "adjudicat[es] the principles of the cause."

> For an interlocutory decree to adjudicate the principles of a cause, the decision must be such that "'the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'" Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991) (quoting Lee v. Lee, 142 Va. 244, 252-53, 128 S.E. 524, 527 (1925)) . . . . "'[T]he mere possibility' that an interlocutory decree 'may affect the final decision in the trial does not necessitate an immediate appeal.'" Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991) (quoting Pinkard, 12 Va. App. at 853, 407 S.E.2d at 342).

Id. at 391, 451 S.E.2d at 712-13. Because the order did not grant wife's request for divorce or effect an equitable distribution, it did not constitute an appealable interlocutory order. Cf. Richardson v. Bowcock, 213 Va. 141, 191 S.E.2d 238 (1972) ("An order overruling a demurrer

is not one which adjudicates the principles of a cause." (citing <u>Lancaster v. Lancaster</u>, 86 Va. 201, 203-05, 9 S.E. 988, 989-90 (1889)).

For these reasons, I would dismiss the appeal, and I respectfully dissent from the decision of the majority.