ROSA FREEMAN DARSEY v. EDNA HENRY DARSEY

167 So. 810.
Division B.
Opinion Filed April 11, 1936.
Rehearing Denied May 18, 1936.

*W. E. Winderweedle* and *E. W. & R. C. Davis,* for Appellant;

*J. B. Murrow* and *J. J. Murray,* for Appellee.

BUFORD, J.—The appeal is from a final decree setting aside and annulling a decree of divorce granted in the suit of James William Darsey v. Edna Darsey on April 4, 1927.

The bill of complaint to vacate and set aside the decree of divorce was filed on October 2, 1933, and it alleged that James W. Darsey died on the 24th day of April, 1932. This suit was instituted against Rosa Freeman Darsey as a citizen and resident of Oteen, N. C., but not as an administratrix. The bill alleges that the "said Rosa Freeman Darsey has been active in the administration of the estate of the said James W. Darsey. She claims to be his sole heir and beneficiary of the said James W. Darsey. That the said Rosa Freeman is not the legal and lawful wife of the said James W. Darsey and has no right or interest in the estate of James W. Darsey, as will more fully appear hereinafter set out."

Paragraph 7 of the bill of complaint is as follows:

"Your complainant further shows that the Bill of Complaint for divorce filed by the said James W. Darsey against your complainant on the 1st day of March, A. D. 1927, in Orange County, Florida, together with the affidavit as to your Complainant's residence, which afterwards was supported by false testimony by the said James W. Darsey and Eloise Helton, that was none other than Rosa Freeman, the defendant named in this Bill of Complaint, culminating into a final decree by the terms of which the marriage relations existing between your Complainant and the said James W. Darsey were to all intents and purposes dissolved, said decree of dissolution being founded and based upon false allegations and supported by false testimony thereby

perpetrating a fraud upon this Honorable Court, all of which was unknown to your complainant at the time the same was being practiced by said James W. Darsey, which facts and circumstances touching said false allegations and testimony has just recently come to the attention of your Complainant."

Paragraph 8 of the Bill of Complaint is as follows:

"Your Complainant further shows that said decree granting a total divorce between your Complainant and the said James W. Darsey vitally affects her interest in the Estate of the said James W. Darsey. She being at the time of his death his legal and lawful wife and entitled under the law to inherit from him exclusively of all other persons all of his goods and chattels, lands and tenements, there being no issues of said marriage between she and the said James W. Darsey and the said Rosa Freeman Darsey, who is now in charge of and claiming exclusive rights of all the goods and chattels of the said James W. Darsey, deceased, and is acting now by virtue of a probate order of the Court as his administrator and has charge of all of his property."

Paragraph 9 of the Bill of Complaint is as follows:

"Your Complainant shows that the said James W. Darsey left no descendants, the only legal heir being your Complainant, who was at the time of his death his sole heir and entitled to inherit all of his property and effects and to this end the said Rosa Freeman Darsey be requested to answer this Bill of Complaint, but not under oath, the answer under oath being waived."

Motion was made to dismiss the suit and there was also motion made to strike certain parts of the Bill of Complaint. Then there was an answer filed. In that answer the following allegations were set forth:

"1. That on or about the 10th day of June, A. D. 1933, the complainant executed a certain release, for valuable consideration, whereby she released the defendant Rosa Freeman Darsey from all manner of actions, causes of action, suits, judgments, claims, and demands, in law or in equity, which said release the defendant sets forth as a part of this paragraph. A copy of said release is attached hereto, marked Exhibit A, and made a part hereof as fully as if set out *in haec verba* and reference made thereto as often as may be necessary.

"2. That on or about the 15th day of August, A. D. 1932, complainant herein filed an action against Rosa Freeman Darsey, the defendant herein, both as an individual and as administratrix of the estate of James W. Darsey in the Superior Court of Buncombe County, State of North Carolina, and in which action she made essentially the same allegations as contained in the present case, and prayed for practically the same relief.

"That subsequent to the filing of the said action and at the June, 1933, term of the Superior Court of Buncombe County, State of North Carolina, the Complainant and Defendant agreed upon a compromise and caused a consent judgment to be signed by Felix E. Alley, Judge presiding, and to be entered upon the Judgment records, the terms of which Judgment provided that the plaintiff was to have and recover the sum of $750.00 which was approximately half of the amount of the estate after the payment of the just claims against the same and that the payment of the said sum should be in full and final settlement of all claims which the complainant might have against the estate of the said James W. Darsey. A copy of said Judgment is attached hereto, marked Exhibit B, and made a part hereof, reference to which is prayed as often as may be necessary.

"3. That the aforesaid judgment has been paid to the plaintiff, Edna Henry Darsey, and the defendant herein pleads the same in bar of the complainant's right to recover.

"4. That the complainant herein has filed her bill against the said Rosa Freeman Darsey for the purpose of attempting to set aside the decree of divorce and place the complainant in a position to be the heir of the property of the deceased James W. Darsey, and that the complainant herein has waived all right, title or interest to any property on this date of the deceased, James W. Darsey, by the suit instituted in Buncombe County, N. C."

The paper denominated "General Release" referred to in the answer was in the following language:

"KNOW ALL MEN BY THESE PRESENTS, That I, EDNA HENRY DARSEY, of Crawfordville, Georgia, do hereby remise, release and forever discharge, ROSA FREEMAN DARSEY, individually; and as Administratrix of the Estate of JAMES W. DARSEY, deceased, of Oteen, North Carolina, her heirs, executors, administrators and bond, of, and from all and all manner of actions, and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever, in law or in equity, which against the said ROSA FREEMAN DARSEY, individually or as Administratrix, I ever had, now have, or which my heirs, executors, administrators or assigns, or any of them, hereafter can, shall or may have for or by reason of any cause, matter or thing whatsoever from the beginning of the world to the date of these presents.

"The consideration of this Release is the sum of One ($1.00) Dollar in hand paid, the receipt of which is hereby acknowledged, and the payment of a Consent Judgment entered in the Superior Court of Buncombe County, North Carolina, in my favor against ROSA FREEMAN DARSEY, as

ADMINISTRATRIX of the estate of JAMES W. DARSEY, deceased.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal, this the 10th day of June, A. D. 1933.

"(Signed) EDNA H. DARSEY (SEAL)."

The Judgment referred to entered by the North Carolina Court contained the following:

"IT IS, THEREFORE, By consent of the parties, and with the approval and sanction of the Court ORDERED AND ADJUDGED that Rosa Freeman Darsey, Administratrix of the Estate of James W. Darsey, deceased, pay to Edna Henry Darsey out of the assets of said Estate which may remain after the payment of all the expenses of administration and the debts of the deceased, and such matters as are required by law to be paid before the distribution of assets among the distributees, the sum of Seven Hundred and Fifty ($750.00) Dollars, provided that the amount be distributed among the distributees of the estate as hereinbefore set forth shall amount to as much as or more than Fifteen Hundred ($1,500.00) Dollars. In the event that the assets of the estate, after payment of the expenses and claims hereinbefore set forth shall amount to less than Fifteen Hundred ($1,500.00) Dollars, then and in that event the said Rosa Freeman Darsey, Administratrix, shall pay to the said plaintiff, Edna Henry Darsey, one-half of such net proceeds.

"IT IS FURTHER ORDERED AND ADJUDGED that this judgment and its payment shall be in full and final settlement of all claims and demands of any nature whatsoever which the said Edna Henry Darsey may have against the Estate of James W. Darsey, or against Rosa Freeman Darsey, Administratrix of the Estate of James W. Darsey.

"It Is Further Ordered and Adjudged that as between the parties to this action, all payments hitherto made by the said Rosa Freeman Darsey, Administratrix of the Estate of James W. Darsey, be and they hereby are approved and declared to be valid and legal payments of debts and expenses of administration.

"It Is Further Ordered and Adjudged that the plaintiff be, and she hereby is, nonsuited as to the defendants, Rosa Freeman Darsey, individually, and the Standard Accident Insurance Company.

"It Is Further Ordered and Adjudged that the defendant, Rosa Freeman Darsey, Administratrix, pay the costs of this action to be taxed by the Clerk."

Motion was filed to strike the answer on three grounds, as follows:

"1. That the same constitutes no defense to the Complainant's Bill of Complaint.

"2. That the release referred to in paragraph one of said answer is void insofar as it applies to the cause of action set up in the Bill of Complaint is concerned, in that such release would be contrary to public policy.

"3. That the complainant could not release or enter into any agreement concerning the release of a divorce decree obtained by fraud in that same is contrary to public policy and further the State of Florida is a Defendant in all Divorce Actions."

A supplemental answer was filed but it only more specifically set out the same facts that are alleged in the original answer and had attached thereto copy of the complaint filed in the Court of North Carolina and also had attached thereto copy of the answer filed in the North Carolina Court and other pleadings.

Motion to strike was applied to the supplemental answer and the motions to strike both the original and supplemental answers were granted.

The answer tendered by the defendant and the supplemental answer set up sufficient facts to constitute a complete defense to this cause of action. The answer shows that the complainant here had invoked the jurisdiction of the courts of North Carolina to determine certain property rights between the complainant, Edna Darsey, and the defendant, Rosa Freeman Darsey; that the parties to that suit consented to the entry of a judgment wherein and whereby Edna Darsey was adjudged to be entitled to $750.00 as the maximum amount of all her right, interest and claim in the estate of James W. Darsey, deceased. It was further adjudged that the payment of that judgment should be in full and final settlement of all claims and demands of any nature whatsoever which the said Edna Henry Darsey may have against the estate of James W. Darsey, or Rosa Freeman Darsey, Administratrix of the estate of the said James W. Darsey.

The Release alleged to have been executed by Edna H. Darsey does "remise, release and forever discharge Rosa Freeman Darsey, individually, and as Administratrix of the estate of James W. Darsey, deceased, of Oteen, North Carolina, her heirs, executors, administrators and bond, of and from all manner of actions, and causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever in law or equity, which against the said Rosa Freeman Darsey individually or as Administratrix I ever had, now have, or which my heirs, executors, administrators or assigns or any of them hereafter can, shall or may have for or by reason

of any cause, matter or thing whatsoever from the beginning of the world to the date of these presents."

The consideration expressed for this agreement was $1.00 and the payment of the judgment entered in the Superior Court of Buncombe County, North Carolina, in favor of Edna H. Darsey, against Rosa Freeman Darsey as administratrix of the estate of James W. Darsey, deceased.

Inasmuch as the court committed error in striking those portions of the answer and supplemental answer which attempted to set up this Release and the judgment upon which it was based as a complete defense to this suit, it is not necessary for us to consider any other questions attempted to be presented on this appeal. If the allegations of the answer and supplemental answer are true, then the complainant in this cause was estopped by her own contract and agreement to enter or maintain any sort of a suit *anywhere* which would affect the rights or interests of the defendant, Rosa Freeman Darsey.

As the record shows that there are no property rights involved because all property rights had been settled between the parties, and there are no questions of the rights of children of either party involved, the only rights which can be open for determination in this case, if any at all exist, would be what might be called the secret right or private right of the complainant to have expunged from the record a decree alleged to have been obtained by fraud which deprived her of the enjoyment of the marriage relation and which may have cast aspersions upon her good name, but for her to succeed in that regard she attacks the good name and reputation of the defendant and seeks by a decree to have the defendant in effect adjudged to be never lawfully married to the deceased with whom she lived in relationship of wife,

both in Florida and North Carolina, for a long period of time.

It may be seriously doubted whether or not under factual conditions existing here a suit of this sort may be maintained after the death of the party who is alleged to have procured a divorce by fraud. It is not necessary, however, for us to determine that question in this case because the complainant, if the allegations of the answer be true, has by her own contract and agreement forever relinquished any right which she may have had to question the status of Rosa Freeman Darsey or to litigate with Rosa Freeman Darsey concerning the estate of James W. Darsey, deceased.

For the reasons stated, the decree is reversed and the cause remanded with directions that further proceedings be had not inconsistent with the views herein expressed.

So ordered.

Reversed and remanded..

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.