**J. J. CATER FURNITURE CO., and GREAT AMERICAN INDEMNITY COMPANY v. IDA ANNIE BANKS; a widow CARRIE D. GIBSON, minor children of Ida Annie Banks, and Florida Industrial Commission.**

11 So. (2nd) 776                              January Term, 1943
February 9, 1943                                       Division B

*McKay, Dixon & DeJarnette,* for appellants.
*Chappell & Brown,* for appellees.

SEBRING, J.:

James B. Banks came to his death while working for J. J. Cater Furniture Company. It was conceded that his death arose out of and in course of his employment, within the provisions of the Florida Workmen's Compensation Law F. S. 1941, Sec. 440.01 et seq. The dispute between the parties is as to claimants' rights to receive compensation. The claims were controverted on the ground that at the time of his alleged marriage to claimant, Banks then and there had a living wife from whom he had never been divorced.

The deputy commissioner, after a hearing on the merits, entered an award for claimants. The Florida Industrial Commission reviewed the record and affirmed the award. The circuit court on appeal likewise entered an order affirming the award. The case is here on appeal.

The rule is settled in this jurisdiction that when one disputes the validity of a second or subsequent marriage, he has the burden of showing its invalidity. Roberts, et al., v. Roberts, 124 Fla. 116, 167 So. 808. This is so for the reason that a strong presumption of validity operates in favor of the second marriage.

It is not enough to show that a party to a marriage contract has previously been married and that the former spouse is still living; or if dead, that he, or she, was alive at the time of the second marriage. Even in such cases, the presumption is that the prior marriage had been dissolved by divorce, or terminated by death, prior to the second marriage, and that the parties to the latter marriage were therefore competent and lawfully qualified to enter into the marriage contract at the time they did so.

The burden of overcoming these presumptions by proof rests upon the persons seeking to impeach the last marriage, even though he may be thereby required to prove a negative. Sloss-Sheffield Steel & Iron Co. v. Alexander, et al., 241 Ala. 476, 3 So. (2nd) 46.

A careful review of the evidence must lead to the conclusion that judged by these standards appellant has wholly failed to meet this burden.

All assignments of error having been carefully considered, and the Court finding no error in the judgment of the circuit court, the judgment is hereby affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.