45 So.2d 507 (1950)
GAYLORD
v.
GAYLORD.
Supreme Court of Florida, Special Division B.
April 11, 1950.
*508 Wm. C. Pierce, Tampa, for petitioner.
George A. Gibbs, Tampa, for respondent.
HOBSON, Justice.
This matter is before us on petition for writ of certiorari. Petitioner brought a divorce action against the respondent and in addition to her prayer for a divorce she sought alimony, both temporary and permanent, as well as a reasonable fee for her attorney.
The respondent answered the bill of complaint and denominated such pleading "Amended Answer Seeking Affirmative Relief". It contained, besides an answer, two counter-claims and cross-complaints. It is the second counter-claim and cross-complaint with which we are now concerned. Its allegations are to the effect that the petitioner had at one time been married to Frank C. Mosher from whom she secured a putative decree of divorce in the Circuit Court of Jefferson County, Alabama. *509 Said pleading further asserted that the Alabama divorce decree was void because although the plaintiff (petitioner here) had alleged in her bill of complaint in the Alabama suit and testified in that action that she had been a bona fide "resident citizen" of Jefferson County, Alabama, for more than one year prior to filing her bill of complaint, such was not a fact. His position is that the Alabama Court did not acquire jurisdiction because  so it is contended  one cannot secure a divorce in Alabama unless he has complied with the jurisdictional prerequisite of residence for more than one year next preceding the filing of his bill.
The petitioner filed a motion to dismiss each counterclaim and cross-complaint. The Chancellor denied the motion to dismiss and it is his order overruling and disallowing said motion which is sought to be reviewed.
Petitioner expresses the view that our recent decision in deMarigny v. deMarigny, Fla., 43 So.2d 442, 447, is controlling and that the Chancellor erred when he failed to grant her motion to dismiss the second counter-claim and cross-complaint. With this contention we must agree. However, it is appropriate to observe that the opinion in deMarigny v. deMarigny, supra, had not appeared in the Advance Sheet of the Southern Reporter at the time the Chancellor entered his order.
We have not overlooked the numerous authorities which the respondent has cited in support of his position that a third party may set up the invalidity of a decree as a defense when said decree is attempted to be enforced against him. We considered most, if not all, of those authorities in connection with the case of deMarigny v. deMarigny, supra, and concluded to adopt the rule which is now the law of this State that not "all strangers are entitled to impeach a judgment. * * * They are by law allowed to impeach it whenever it is attempted to be enforced against them so as to affect rights or interests acquired prior to its rendition."
It is true that the respondent was not actually a party to the alleged invalid divorce. Consequently, he was, in the strict legal signification of the word, a "stranger". However, he was not a stranger in the sense that he was ignorant of or unfamiliar with the Alabama divorce suit for he was appointed Commissioner by the Alabama court and acted as such in the State of New York in taking the deposition of the plaintiff (petitioner here) which fact, although it may not create a true estoppel, gives birth to a "quasi estoppel" and is a circumstance which cannot be entirely ignored. Our decision in the instant suit is not founded upon this incident but we do approve the pertinent observation which was made in Harlan v. Harlan, 1945, 70 Cal. App.2d 657, 161 P.2d 490: "To hold otherwise protects neither the welfare nor morals of society but, on the contrary, such holding is a flagrant invitation to others to attempt to circumvent the law, cohabit in unlawful state, and when tired of such situation, apply to the courts for a release from the indicia of the marriage status." 161 P.2d text 494.
The Alabama decree (if in the pleading before us for consideration the respondent actually occupies the role of defender) did not adversely affect "rights or interests" acquired by him prior to its rendition. Said decree stands, insofar as the face of the record is concerned, valid and unimpeached. The facts alleged in the counterclaim and cross-complaint as a basis for its invalidity can be established only by evidence dehors the record. It must be presumed that the Alabama court which entered the challenged decree was a court of competent jurisdiction. Consequently, its decree is, at most, voidable only.
Respondent asserts that the law in the State of Alabama differs from our law in that it allows a collateral attack upon a decree which is valid on the face of the record. Our law is contra and we know of no rule or principle which requires or will permit us to invalidate such a final decree or judgment of a court of a foreign jurisdiction. The proper forum in which to attack the validity of such decree, (if, indeed, it may be attacked by the Respondent in any court) is the jurisdiction in which it was rendered. We should not attempt *510 to determine the validity of a decree of a sister state or of a foreign country. More certainly, we should not do so unless something appears on the face of the record which discloses its invalidity. The most we should do is to decide in proper cases (within which category this case does not fall) whether foreign decrees should be accorded recognition by the courts of Florida under the full faith and credit clause of the Federal Constitution, Art. 4, § 1, or the rule of comity.
Moreover, Chapter 63.35, sub-section 1, Florida Statutes 1941, F.S.A. provides: "The answer must state, in short and simple form, any counter-claim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any counter-claim against the plaintiff which might be the subject of an independent suit in equity against him; * * *" (Italics supplied.) The pleading under attack here does not set out any counter-claim against the plaintiff which might be the subject of an independent suit in equity against him in this jurisdiction. We had a similar situation before us in deMarigny v. deMarigny, supra, and at that time we held that the appellant-petitioner could not maintain her bill as an independent bill in equity. Our decision in that case is controlling herein.
The application for an allowance of an attorney's fee for services rendered by petitioner's attorney in connection with the matter now before us is granted and a fee in the sum of $250.00 is hereby allowed.
The petition for writ of certiorari is granted and the order brought here for review is quashed.
ADAMS, C.J., and CHAPMAN, J., and TILLMAN, Associate Justice, concur.