SMITH, Chief Judge.
J. D. Moye, a resident of St. Lucie County, Florida, died intestate' and childless. Letters of administration were issued to the appellant, Mary Jane Price, upon her petition stating that she and her two sisters [1] were the decedent’s aunts and that the three of them were his sole heirs at law and next of kin. The appellee, Nellie Lee Moye, promptly filed a petition for revocation of the letters granted, claiming to be the decedent’s widow and, as such, his sole heir at law, there being no lineal descendants. After hearings, the court revoked the letters granted to Mary Jane Price and declared Nellie Lee Moye to be the widow and sole heir at law of the decedent. From this final judgment Mary Jane Price appeals. We reverse.
There was no real controversy over the material facts of this case, and the lower court’s order contains a fair statement of the factual situation. The decedent, J. D. Moye, and the appellee, Nellie Lee (Robinson) Moye, were married in 1940. At the time they were married, Nellie Lee was 14 years of age and J. D. was 25. About a year after the marriage, J. D. was sent to prison for murder. Beginning sometime thereafter and continuing for a period of time, Nellie Lee and a man named Hawkins lived together as if they were man and wife; and according to Nellie Lee’s own testimony she lived with other men on numerous occasions: “So long as I stayed with a man and he doing for me and paying my bills, that is my husband.” In the midst of all this activity, J.. D. was released from prison. Nellie Lee lived with him for awhile but then left him because he was rough and because he beat her. Their marriage was never legally dissolved. Nellie Lee resumed her living with various men. She admitted that she took the names of these men while she stayed with them but denied that she ever married any of them. During all of this time, both Nellie Lee and J. D. lived in the same community, and there is evidence that they cohabited on several occasions. J. D. also lived with various other women at various times. His estate consists of his share of his deceased mother’s estate.
In testifying in support of her petition* Nellie Lee admitted that she was then living with Josh Evans but emphatically denied that she was married to him. She stated that she never married anybody but J. D. Moye and that there was no record of her having ever married anyone else. There were introduced into evidence certified copies of the application, license and certificate of marriage between Josh Evans and Amanda Robinson, and after the Amanda Robinson named in said documents was identified as Nellie Lee Moye by the minister who performed the ceremony and the witnesses thereto, Nellie Lee admitted that she had married Josh Evans. She endeavored to explain away this obvious perjury by stating: “Well, the reason I said Nellie Lee didn’t marry any more, because I know I married as Amanda.”
Upon the foregoing facts the lower court concluded that Nellie Lee was not estop-ped from asserting her rights as the widow of J. D. Moye; that she was entitled to all of the decedent’s estate as his sole heir; and that the letters issued to Mary Jane Price should be revoked. We find these conclusions of law to be erroneous. The facts of the case at bar are similar to, and to the same ultimate effect as, the facts in Doherty v. Traxler, Fla.1953, 66 So.2d 274, and *527 Nedd v. Starry, Fla.App.1962, 143 So.2d 522. In each of the cases cited, the husband; who was living with another through a bigamous marriage, was held to be estop-ped from claiming an interest in his de-céased wife’s estate. In Nedd v. Starry, the Court extensively summarizes the other decisions in Florida pertinent to the issue and, therefore, we find it unnecessary to repeat them here. The Court also clearly distinguished the decisions in Kreisel v. Ingham, Fla.App.1959, 113 So.2d 205, and Quinn v. Miles, Fla.App.1960, 124 So.2d 883, by pointing out that in the former case there was no bigamous second marriage and the husband’s only alleged wrongs were disappearing and failing to pay separate maintenance as ordered, and in the latter case the question of estoppel was specifically stated as not considered.
Consonant with the decisions in Doherty and Nedd, supra, we hold that the lower court should have denied the petition. The judgment is reversed.
KANNER and WHITE, JJ., concur.

. The appellant’s two sisters filed a joint consent to the appointment of Mary Jane Price as-administratrix.