506 So.2d 70 (1987)
Hattie Jewel STEWART, Etc., Appellant.
v.
Henry HAMPTON, Appellee.
No. 86-522.
District Court of Appeal of Florida, Fifth District.
April 30, 1987.
*71 Michael Sigman, Orlando, for appellant.
Hal Roen, Orlando, for appellee.
UPCHURCH, Chief Judge.
This is an appeal from a final declaratory judgment declaring a marriage null and void and ordering partition of a home.
Appellant, Jewel Stewart first married Collin Thomas in Mitchel County, Georgia in 1948. Stewart moved back to her mother's home after a few months where she resided until she moved to Florida in 1950. The only proof that the first marriage was ever legally terminated was Stewart's testimony that she had been told by her mother that Thomas had divorced her.
Stewart met Henry Hampton, appellee herein, in 1955 and married him in 1961 in Vienna, Georgia. They obtained a Georgia marriage license and were formally married. Hampton testified that he thought he was legally married to Stewart in 1961. The couple bought a home, raised three children and lived together as husband and wife for twenty-five years up to the institution of this action by Hampton to partition the home.
At the partition hearing, Stewart contended that a second marriage is presumed valid and that the burden was on Hampton to establish that the first marriage did not end in divorce. Stewart contended that Hampton had not met his burden of proof. While this is not a divorce proceeding, Hampton wanted the marriage declared void in order to get a partition. If the marriage were valid, then the property would be held as a tenancy by the entirety and there would be no right to partition of the home. Also, if a divorce were obtained, then the trial court could award Stewart an interest in the house as alimony. The trial court's final order ruled that the second marriage was void because there was no evidence of the death of the first husband or dissolution of the first marriage. Therefore, the trial court ordered partition of the couple's home.
Once a marriage is shown to have been ceremonially entered into it is presumed to be legal and valid. Grace v. Grace, 162 So.2d 314 (Fla. 1st DCA 1964). All presumptions necessary to make the marriage valid, including the capacity to contract, attach on proof of the ceremonial marriage and cohabitation by the parties under the belief that they were lawfully married. Id. Numerous decisions hold that the second marriage is presumed to be valid. This presumption of validity that attaches to a second marriage is one of the strongest presumptions known to the law. Teel v. Nolan Brown Motors, Inc., 93 So.2d 874 (Fla. 1957); In Re Est. of Perez, 470 So.2d 48 (Fla. 3d DCA 1985), review denied, 480 So.2d 1295 (Fla. 1985); In Re Est. of Marden, 355 So.2d 121 (Fla. 3d DCA), cert. denied, 361 So.2d 833 (Fla. 1978); Grace. The party attacking the legality of the last marriage has a burden of rebutting the presumption that the marriage is valid. Teel; Cater Furniture Co. v. Banks, 152 Fla. 377, 11 So.2d 776 (1943). *72 As stated in Cater Furniture, it is not enough to show that a party to a marriage contract had previously been married and that the former spouse is still living; or if dead that he or she was alive at the time of the second marriage. In Darsey v. Darsey, 124 Fla. 125, 126, 167 So. 810, 811 (1936), the supreme court held:
In the case of conflicting marriages contracted by the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly, the burden of showing the validity of the first marriage is on the party asserting it, and even where this is established it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by decree of divorce or by death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage. Even in the case of conflict of presumptions arising from two marriages of the same party, the general current of authority holds that the presumption in favor of the subsequent marriage overcomes that in favor of the former. The indulgence of this presumption necessarily means that the presumption either in favor of the validity of the former marriage or in favor of its continuance has been overcome. (citations omitted)
In Darsey, the husband deserted his first wife who later showed up to claim a share of his estate. The court held that the first wife's testimony that she was not served with process of divorce was not conclusive evidence that her marriage was still valid since there could have been constructive notice served. The court held, however, that the first wife was not required to check records of every county in several states but that she should check the counties that in which the husband had lived since he deserted her, to overcome the presumption of the validity of his second marriage. In the instant case, Hampton distinguishes these cases because they involved estate proceedings where the deceased spouse was unavailable for testimony. We, however, conclude that the burden is on the person seeking to have the second marriage declared void. Here Hampton failed to overcome the strong presumption of the validity of the second marriage and, having failed to do so, the decision below must be reversed.
REVERSED and REMANDED.
ORFINGER and SHARP, JJ., concur.