**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NAOMI NEUMANN COLE, Widow of
Robert Cole,
<u>Petitioner,</u>

SHIRLEY L. COLE LAHMAN;
LUTHER C. COLE,
<u>Intervenors,</u>

v.

No. 94-2537

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
<u>Respondent.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(90-1735-BLA)

Submitted: February 6, 1996

Decided: February 22, 1996

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher J. Kempf, BLOOMFIELD & KEMPF, Columbus, Ohio,
for Petitioner. Shirley L. Cole Lanham, Luther C. Cole, Intervenors
Pro Se. Patricia May Nece, Richard Anthony Seid, Sarah Marie Hur-

ley, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Naomi Cole seeks review of a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision denying her black lung benefits pursuant to 30 U.S.C.A. §§ 901-45 (West 1986 & Supp. 1995). In his first consideration of this case, the ALJ awarded benefits to Naomi as the surviving spouse of Robert Cole, a deceased coal miner, but on modification determined that another woman, Mary Cole, instead qualified as the miner's surviving spouse, and consequently found that the award due on the miner's application for benefits rightly belonged to Mary. The ALJ determined that Mary entered into a valid marriage with Robert in Maryland in 1934, and that the couple separated in 1937, but never divorced. He further found that although Naomi entered into a legitimate marriage ceremony with Robert in 1973 without any prior knowledge of Robert's first marriage, and that such marriage would have been valid if not for the prior marriage, Naomi was not eligible for benefits because Mary's status as the legal surviving spouse precluded Naomi's entitlement under 20 C.F.R. § 725.214(d) (1995).

An individual qualifies as the surviving spouse of a miner by meeting the relevant statutory and regulatory relationship and dependency requirements. See 30 U.S.C. § 902(e) (1988), referencing 42 U.S.C. § 416(h)(1) (West 1988 & Supp. 1995); 20 C.F.R. §§ 725.212, 214-15 (1995). Under § 725.214(a), an individual is considered to be the miner's surviving spouse if the courts of the State in which the miner was domiciled at the time of his death would find that the individual and the miner were validly married. In this case, the miner was domiciled in Ohio when he died.

2

In determining the validity of a marriage, however, Ohio courts generally look to the law of the state in which the marriage was formed. See Seabold v. Seabold, 84 N.E.2d 521, 522 (Ohio App. 1948). In this case, Mary and Robert were purportedly married in Maryland. Under Maryland law, where there are conflicting marriages, there is a strong presumption in favor of the second marriage, and the party challenging the validity of the second marriage bears a heavy burden to strictly prove, to a moral certainty, that a prior marriage was validly created and not later dissolved. See McKnight v. Schweiker, 516 F. Supp. 1102, 1105-07 (D. Md. 1981).

The Board rejected Naomi's contention that Mary bore the burden to rebut the presumption on the ground that Mary never appealed from an administrative determination by the district director (then the deputy commissioner) that she was entitled to benefits, and thus was never a proper party to the claim. While we note that Naomi, as the aggrieved party, properly requested a hearing before the ALJ on this issue, we find that Mary was clearly a party to this action under 20 C.F.R. § 725.360 (1995), as her right to benefits, as much as Naomi's right, stood to be prejudiced by any decision rendered by the ALJ. We also note, contrary to the apparent assumption of the Board and the ALJ, that because the miner's surviving spouse was derivatively entitled to any benefits paid on the deceased's miner's disability claim, it was unnecessary for either Mary or Naomi to individually file an application for benefits in order to be a party to the claim. See Pothering v. Parkson Coal Co., 861 F.2d 1321, 1327-28 (3rd Cir. 1988).

Even assuming that the ALJ properly found that Mary entered into a valid marriage with Robert under Maryland law, however, we find that the evidence submitted by Mary to show that such union was never dissolved is inadequate as a matter of law to rebut Maryland's powerful presumption to the contrary. In McKnight, the district court considered a conflicting marriage case where two putative spouses each claimed to be the surviving widow of an insured decedent for the purpose of collecting widow's benefits under the Social Security Act. Applying Maryland law, the court found that if the party challenging the second marriage met her burden to demonstrate the validity of the first marriage, she could rebut the presumption that such marriage had been dissolved by demonstrating "that a careful but fruitless search of

3

the records was made in those places where a divorce might have been filed," and by then presenting corroborative testimony or documentation from third parties having independent knowledge of the first marriage and its continuance. Id. at 1108. The court found such evidence necessary to meet the demanding requirement of Maryland law that the party to the first marriage rebut the presumption "to a moral certainty," and by means of "strict proof." Id. at 1105-07.

In this case, Mary offered only her testimony that she never sought a divorce and was never served with divorce papers to prove that her marriage to Robert was never dissolved. Because such evidence was insufficient as a matter of law to rebut the presumption to which Naomi was entitled, we find that Maryland courts would find that Naomi was validly married to Robert at the time of his death, and that she therefore satisfies the criteria of § 725.214(a). We note that the Director, Office of Workers' Compensation Programs (Director), raises in her brief to this court for the first time in this litigation the possibility that West Virginia law would apply to the question of whether any dissolution of Mary's marriage to Robert was valid. Because, however, Maryland would clearly presume a valid dissolution, and no party presented any evidence or argument relating to whether such dissolution was valid, this issue is not before us.

The Director also argues for the first time that before Naomi is awarded benefits she should be required to prove under Florida law that she entered into a valid marriage with the miner in 1973. Although the ALJ found that Naomi went through a legitimate marriage ceremony with Robert, he did not address whether her marriage would be recognized as valid in Florida, where the ceremony occurred. During the lengthy history of this claim, originally filed by the miner in 1973, the validity of Naomi's marriage to Robert has not been challenged except on the ground that Robert was already married. We therefore note that the contention is inappropriately raised at this time. See Curry v. Beatrice Pocahontas Coal Co., 67 F.3d 517, 522 n.8 (4th Cir. 1995); E.P. Paup Co. v. Director, Office of Workers' Compensation Programs, 999 F.2d 1341, 1348 n.2 (9th Cir. 1993); South Carolina v. United States Dep't of Labor, 795 F.2d 375, 378 (4th Cir. 1986).

In any event, there is no reason to suspect that Florida courts would find Naomi's marriage invalid. Under Florida law, once it is shown

4

that a marriage was ceremonially entered into, it is presumed to be legal and valid. See Stewart v. Hampton, 506 So.2d 70, 71 (Fla. App. 1987). In this case, the ALJ has factually determined that Naomi went through a legitimate marriage ceremony with Robert, and there is no evidence to the contrary. Moreover, where there are conflicting marriages, Florida applies the same presumption as Maryland in favor of the second marriage, allocates the burden of proof in the same manner, and requires similar proof to rebut the presumption. Id. at 71-72; Hillyer v. Lovan v. Fla. Industrial Comm'n, 19 So.2d 838, 839-40 (Fla. 1944). Thus, Florida law would favor Naomi in the same manner as Maryland law.

We therefore decline the Director's invitation to vacate the Board's decision and remand for further findings of fact. We find, instead, that on this record Naomi is entitled to benefits as a matter of law. Accordingly, we reverse the decision of the Board and remand to the Board with instructions to order that benefits be awarded to Naomi Cole. We note that our disposition of this case renders it unnecessary to decide collateral issues raised by the parties relating to whether Mary was dependent on the miner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED WITH INSTRUCTIONS

5