**Mary DAVIS, Plaintiff,**

v.

**ARMCO, INC., The Benefit Plan Administrative Committee of the Armco, Inc. Pension Agreement Plan, The Benefit Plan Asset Review Committee of the Armco, Inc. Pension Agreement Plan, Armco, Inc. Pension Agreement Plan, and The United Steelworkers of America, Defendants.**

**No. 99–CV–6577.**

United States District Court, W.D. New York.

Aug. 13, 2001.

William H. Helferich, III, Rochester, NY, for Plaintiff.

Stanley J. Matusz, Jill K. Schultz, Nixon Peabody, LLP, Rochester, NY, Daniel E. Wille, Reed Smith, LLP, for Defendants.

## DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

Plaintiff Mary Davis ("Davis") brings this action pursuant to the Employee Retirement Income Security Act of 1974, ("ERISA"), claiming that the defendants have improperly denied her pension benefits. Specifically, plaintiff claims that she is the estranged wife of Herbert Lee Davis, ("Mr. Davis" or "Herbert"), a former employee of defendant Armco, Inc., (Armco), who died on January 4, 1994. She claims that although she and Mr. Davis became separated in the early 1960's, she is nonetheless entitled to surviving spouse benefits under Mr. Davis' pension plan because they were never officially divorced. She claims that defendants have improperly paid benefits to another woman who claims to be the widow of Mr. Davis, and seeks payment of surviving spouse benefits in accordance with the plan terms.

Defendant Armco, and the other named defendants, claim that Mr. Davis' benefits are being properly paid to Dorothy Davis, the woman who was married to Mr. Davis during the entire time he worked at Armco, and at the time he passed away. Defendants claim that in support of Dorothy Davis' claim for benefits, she produced a valid marriage certificate issued by the State of Georgia, and is thus entitled to Mr. Davis' surviving spouse benefits.

Plaintiff moves for summary judgment seeking an Order requiring defendants to pay to her the surviving spouse pension benefits under Mr. Davis' pension plan. Defendants cross-move for summary judgment seeking a declaration that plaintiff is not entitled to Herbert Davis' pension benefits, and that they have properly paid surviving spouse benefits to Dorothy Davis.

### BACKGROUND

Herbert and Mary Davis were married on October 30, 1955 and it is claimed that Mr. Davis left the marriage in the early 1960's. Defendants, however, contend that plaintiff actually left Mr. Davis in 1960. It is undisputed that the couple had three children together. Following the couple's separation, Herbert Davis moved to Florida, the State where he was born and where his parents lived.

According to the defendants, Mary Davis told Herbert Davis that she had obtained a divorce. Plaintiff denies that she ever obtained a divorce, or that she had ever told Herbert that she had obtained a divorce. Apparently believing that he was legally divorced, Mr. Davis entered into a second marriage in 1962. Mr. Davis married Mary Louise Williams in the State of Texas. In 1966, Herbert became employed with Armco, and on June 24, 1970, Herbert and Mary Louise divorced.

On March 1, 1971, Mr. Davis married Dorothy Lee Nathan in the State of Georgia. The couple had two children, and remained married until Herbert's death in 1994. From 1971 until 1984, the couple lived in Houston Texas. In 1983, heart problems rendered Mr. Davis unable to work, and in August of 1984, the couple moved to Polk County Florida.

On January 10, 1985, Mr. Davis applied for social security disability benefits. In 1986, benefits were approved, in-

cluding benefits for Dorothy Davis, as Mr. Davis' wife. She received these benefits unchallenged until 1989, when Mary Davis submitted a claim for benefits based on Herbert's disability. The Social Security Administration investigated plaintiff's claim for benefits, and determined that because Mary Davis had produced a valid marriage certificate, and there was no evidence that she and Herbert legally divorced, Mary Davis, along with Dorothy Davis, each qualified as a spouse. Mary Davis was not, however, awarded benefits because she could not prove that she and Herbert Davis were the parents of a minor child. Although Mary Davis told the Social Security Administration that Herbert had fathered a child with her in 1975, 15 years after their marriage ended, the Administration found her not to be credible, and denied her claim for benefits.

In 1985, Mr. Davis began receiving pension benefits under his Armco Benefit Plan, (the "Plan"). Under the terms of the Plan, his surviving spouse was to receive 50 percent of Mr. Davis' pension upon his death. Upon Mr. Davis' death, in January 1994, surviving spouse payments were made to Dorothy Davis. In 1995, Mary Davis sought surviving spouse benefits from Armco on grounds that she was Herbert Davis' lawful wife due to the fact that they had never divorced.

## DISCUSSION

### I. The Parties' Motions for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54 (2nd Cir.1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Annis v. County of Westchester*, 136 F.3d 239, 247 (2nd Cir.1998).

Plaintiff contends that she is entitled to summary judgment because there is no issue of fact in dispute, and that as a matter of law, she is entitled to judgment in her favor. Specifically, she claims that there is no dispute that she is the wife of Herbert Davis, and that as his widowed wife, she is entitled to surviving-spouse benefits. Defendants cross move for summary judgment contending that the Benefit Plan Administrator correctly determined that Dorothy Davis is Herbert Davis' wife and therefore is the person eligible for surviving-spouse benefits under the Armco Pension Plan.

### II. Standard of Review.

Defendants contend that the Plan Administrator's decision to award benefits to Dorothy Davis is subject to an arbitrary and capricious standard of review. Plaintiff argues that the court must review the Plan Administrator's decision *de novo*. Because I find that the ERISA Plan provided the Plan Administrator with the discretion to construe terms of the plan, which terms as construed determine eligibility for benefits, I find that an arbitrary and capricious standard of review is appropriate.

### A. The Plan as amended in 1983 controls.

The parties disagree over which version of the Armco Pension Plan applies

in this case. Plaintiff contends that the 1994 amendments to the plan control because Mr. Davis died after those amendments took effect. I find, however that the ERISA Plan that governs this action is the Plan as amended in 1983. That Plan was in effect at the time Mr. Davis retired. Moreover, the 1994 Amendments to the Plan expressly provide that benefit determinations are to be made under the Plan that was in effect at the time the participant retired. Accordingly, I find that the Plan as Amended in 1983 is the Plan that applies in this action.

B. *The 1983 Plan is subject to an arbitrary and capricious standard of review.*

Under the terms of the 1983 Plan, the Administrator is vested with "the power to administer and construe the provisions of the Plan, [and] to determine questions of law and fact arising under the Plan...." Pension Agreements Plan of Armco, Inc. and Subsidiaries, Attached as Exhibit "H" to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment at § 7.1. This language provides the Administrator with discretionary authority to interpret plan terms. Plaintiff argues that despite this general language, the specific language of the plan as it relates to surviving spouse benefits leaves no discretion to the Administrator, and thus the Plan Administrator's determination is subject to de novo review.

Section 4.3 of the Armco Pension Plan provides that:

[w]ith respect to any participant who has completed at least 15 years of continuous service and who dies on or after July 31, 1980, and ... after retirement on or after July 31, 1980, on other than a deferred vested pension, his surviving spouse, as determined pursuant to paragraph 4.5, *shall be eligible* for a monthly

benefit (hereinafter "surviving spouse benefit"), as set forth below.

Pension Agreements Plan of Armco, Inc. and Subsidiaries, Attached as Exhibit "Z" to defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment at § 4.1. (emphasis added). While this language is non-discretionary because it provides that a surviving spouse "shall be eligible" for benefits under certain circumstances, the Plan administrator is nevertheless vested with discretion to determine who qualifies as a surviving spouse. Section 4.5 of the Plan provides that:

[a] person *shall be considered a surviving spouse* for the purposes of Section IV only if, (a) immediately after a participant's death, such person is a widow ... of such participant within the provisions of the Social Security Act ... and (b) with respect to a participant who dies after retirement, such person was married to the participant at the date of the participant's retirement.

*Id.* at § 4.5. (emphasis added). Under section (b) of this provision, the Plan Administrator must determine that the surviving spouse was "married" to the Plan participant. Under the language of Section 7.1, the Administrator has Discretionary authority to determine whether or not the claimant was married; including the authority to interpret the term married, and to apply the facts of the situation to the construction of the term. Because the Administrator retained this discretionary authority to construe terms, an arbitrary and capricious standard of review is appropriate.

III. *The Administrator's determination that Plaintiff is not a Surviving Spouse under the Plan Terms was Arbitrary and Capricious.*

█ I find that the Plan Administrator's determination that Mary Davis was not a

surviving spouse under the terms of the Armco Pension Plan was improper.

The Plan provides that a surviving spouse is a person that is: (a) considered to be a "widow" of the participant under the provisions of the Social Security Act ... and; (b) with respect to a participant who dies after retirement, was married to the participant at the date of the participant's retirement. *Id.* at § 4.5. Plaintiff has established that she has met each of these requirements.

A. *Plaintiff is a "widow" under the provisions of the Social Security Act.*

Plaintiff satisfied the requirement that she be deemed a widow by the Social Security Administration by submitting evidence to the Plan Administrator that it considered her to be one of two widows of Herbert Davis. Specifically, plaintiff submitted a December 19, 1995 letter from H.J. Lozy–Lester of the Social Security Administration to the plaintiff indicating that plaintiff was considered a widow of Herbert Davis by the Administration, and that she would receive disabled widow's benefits from the Administration. See Letter attached as Exhibit "D" to the Affidavit of Mary Davis filed February 26, 2001. That letter also indicated that plaintiff's case was unique in that the Administration determined that there were *two* widows of Herbert Davis: the plaintiff, and Dorothy Davis. The Administration indicated that it was awarding both women disabled widows benefits.

B. *Plaintiff was married to Mr. Davis at the time of his Death.*

In support of her application for widow's benefits, plaintiff submitted, (as did Dorothy Davis), a valid marriage certificate. There is no evidence that the couple ever divorced. Accordingly, plaintiff estab-

lished that she was married to Mr. Davis at the time he retired from Armco.

The Plan Administrator, however, determined that plaintiff was not married to Mr. Davis on the date of his retirement from Armco and thus did not satisfy both of the requirements to be deemed a surviving spouse under the Plan. Defendants contend that the Administrator's decision was correct because under Florida law, where there is a dispute as to which of two marriages is valid, there is a presumption that the second marriage is valid. Moreover, defendants contend that the Administrator's decision is correct because plaintiff repudiated the marriage relationship by committing adultery and bearing 8 children with at least two different men while supposedly being married to Mr. Davis.

1. *Plaintiff has successfully rebutted the presumption that her marriage to Mr. Davis was invalid.*

Under Florida law, there is a presumption that a marriage ceremonially entered into (such as Mr. Davis's marriage to Dorothy in 1971) is legal and valid. In cases where there are two marriages, the presumption in favor of the validity of the second marriage is one of the strongest known to law. *Stewart v. Hampton,* 506 So.2d 70, 71 (Fla.App., 1987). Such a presumption may be overcome, however, by evidence that: (1) one party to the second marriage was previously married to another; (2) the first spouse was living at the time of the subsequent purported marriage; and (3) the first marriage was never dissolved. *See Id.*

In the instant case, plaintiff has established that:(1) she was previously married to Mr. Davis; (2) she was alive at the time Mr. Davis married his third wife Dorothy; and (3) the first marriage was never dissolved. Plaintiff presented evidence that there are no records either in

New York, Texas, or Florida, indicating that she and Herbert obtained a divorce, and she submitted a 1995 letter from H.J. Lozy–Lester of the Social Security Administration in which Lozy–Lester stated that "Herbert Davis admitted that he had never divorced you. . . ." Letter attached as Exhibit "D" to Affidavit of Mary Davis filed February 26, 2000. I find that based on this evidence, plaintiff has satisfied the necessary requirements to rebut the presumption of validity of Mr. Davis's marriage to Dorothy Davis, and has established that she was legally married to Mr. Davis at the time he retired from Armco, and at the time he died.

2. *Plaintiff's alleged repudiation of the marriage does not preclude her from collecting benefits under the Plan.*

 Defendants contend that even if plaintiff and Herbert never received a legal divorce, the couple was not married in 1985 or 1994 because Mary Davis repudiated the marriage relationship by committing adultery. While Florida law does provide that a spouse may, through his or her conduct, repudiate a marriage, defendants have failed to cite any case in which adultery alone is sufficient to repudiate a marriage relationship. Rather, the cases cited by the defendant demonstrate that in cases where a couple does not receive a legal divorce, the marriage relationship will be deemed repudiated where a spouse nevertheless remarries, and that such a repudiation estops the remarried spouse claiming any entitlements that flowed from the first marriage. *See Edwards v. Sullivan,* 1991 WL 280032 (M.D.Fla.1991); *Estate of Butler,* 444 So.2d 477 (Fla.App. 1984); *Estate of Moye,* 160 So.2d 525 (Fla.

App.1964). In this case, plaintiff claims that she never remarried, and there is no evidence that she did ever remarry another man. I thus find that plaintiff is not barred from asserting her rights as a spouse on grounds that she repudiated her marriage relationship. Accordingly, because plaintiff has established that she is a widow as defined by the Social Security Act, and was married to Mr. Davis at the time of his retirement and death, plaintiff has established that she is entitled to benefits under Mr. Davis' pension plan, and that the Plan Administrator's decision denying her benefits was arbitrary and capricious. I therefore grant plaintiff's motion for summary judgment, and deny defendants' cross-motion for summary judgment.

*CONCLUSION*

Although it is obvious from the record that plaintiff had virtually no relationship with Mr. Davis for the last 34 years of his life, it is also apparent that under the terms of the ARMCO Plan, plaintiff qualifies for benefits as a surviving spouse. This result, which appears to be at odds with the equities, is mandated by the terms of the Plan itself: which rely in part on determinations made by a separate entity—the Social Security Administration. While it is understandable that the defendants may never have contemplated a situation under which two persons would be deemed widows by the Social Security Administration, and believed that under the Plan terms, two persons could not be considered surviving spouses of a plan participant, it appears that under these unique circumstances, two women have met the Plan requirements for receiving surviving spouse benefits.[1] Because I find that the

1. Dorothy Davis has been determined by the Plan Administrator to be a surviving spouse under the Plan terms, and because Dorothy

Davis is not a party to this action, nothing in this *Decision and Order* alters that determination. This court's determination that Mary

Plan Administrator's determination that plaintiff is not a surviving spouse under the terms of the Plan was arbitrary and capricious, and that under the Plan terms plaintiff is in fact a surviving spouse, I grant plaintiff's motion for summary judgment, and deny defendants' cross-motion for summary judgment. Defendants are directed to award benefits to the plaintiff in accordance with the Plan's terms.

ALL OF THE ABOVE IS SO ORDERED.

Davis is entitled to surviving spouse benefits does not effect the fact that Dorothy Davis is entitled to full benefits as a surviving spouse.