DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAAD ALBASSAM,**
Appellant,

v.

**AFNAAN FAIZE YOUSEF KLOB,**
Appellee.

No. 4D17-1403

[March 7, 2018]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alfred J. Horowitz, Judge; L.T. Case No. FMCE 12-011419.

Jonny Kousa of The Law Offices of Jonny Kousa, P.L., Coconut Creek, and Michael R. Bass of Michael R. Bass, P.A., Fort Lauderdale, for appellant.

No appearance for appellee.

MAY, J.

In this appeal from an order denying a rule 1.540 motion, the former husband argues that his 2014 dissolution of marriage judgment should be vacated because the former wife's 2000 Jordanian divorce from her first husband was invalid. We affirm the order. The former husband cannot now equitably reach back and litigate the validity of the foreign divorce entered seventeen years ago.

The former wife has been married three times. In 2000, a Jordanian court issued a divorce decree in her first marriage. She remarried and divorced a second husband. She then married the former husband in 2011.

In his 1.540 motion, the former husband argued that the Jordanian divorce from the first husband over a decade earlier was not valid under Florida law because neither party lived in Jordan when the decree was entered. He suggests the trial court lacked subject matter jurisdiction to dissolve his marriage. The trial court denied the motion after a hearing.

We review the trial court's order for an abuse of discretion. *Cunha v. Cunha*, 92 So. 3d 918, 919 (Fla. 4th DCA 2012).

The marriage that was dissolved by the judgment at issue is presumed to be legal and valid. *Cobo v. Sierralta*, 13 So. 3d 493, 497 (Fla. 3d DCA 2009) (citing *Stewart v. Hampton*, 506 So. 2d 70, 71 (Fla. 5th DCA 1987), and *Grace v. Grace*, 162 So. 2d 314, 317 (Fla. 1st DCA 1964)). This presumption has been recognized as "one of the strongest presumptions known to the law." *Teel v. Nolen Brown Motors, Inc.*, 93 So. 2d 874, 876 (Fla. 1957). "The presumption of a marriage's existence grows out of long and continuous cohabitation, the establishment and maintenance of a home and family, and recognition by the public generally and their friends and associates that the man and woman are husband and wife." *Lambertini v. Lambertini*, 655 So. 2d 142, 143 (Fla. 3d DCA 1995) (citation omitted).

Here, the former husband married and cohabited with the former wife for more than a year and a half before separating and filing for divorce. The former husband did not raise bigamy as a defense or seek to annul the marriage. In fact, he petitioned for the dissolution in Florida in September 2012, having known of the wife's Jordanian divorce entered more than 15 years ago. He did not question the legitimacy of the wife's prior Jordanian divorce throughout his marriage to her and for nearly two years after this divorce had become final.

At the hearing, the former wife's counsel explained that, pursuant to the dissolution, she had sold real property and paid off marital debts. The trial court had been the same court to issue the dissolution in 2014, and noted that it had equally divided the liabilities.

The former husband presented no excuse for his delay in raising the alleged invalidity of the Jordanian divorce. In fact, his attorney also represented his sister in selling real property as a result of the Florida dissolution judgment. He challenged the validity of the Jordanian divorce on technical legal grounds; i.e., that neither party lived in Jordan when the decree was entered.

The trial judge determined it would be inequitable to allow the former husband to attack the validity of the Jordanian divorce, relying on *Keller v. Keller*, 521 So. 2d 273, 274-76 (Fla. 5th DCA 1988). Citing to the Restatement (Second) of Conflict of Laws § 74 (1971), *Keller* recognized that "[a] person may be precluded from attacking the validity of a foreign divorce decree if, under the circumstances, it would be inequitable for him to do so." 521 So. 2d at 274.

> The rule may be applied whenever, under all the circumstances, it would be inequitable to permit a particular person to challenge the validity of a divorce decree. Such inequity may exist when action has been taken in reliance on the divorce or expectations are based on it or when the attack on the divorce is inconsistent with the earlier conduct of the attacking party.

2

*Id.* (quoting Restatement (Second) of Conflict of Laws § 74 cmt. b (1971)).

The trial court did not abuse its discretion in concluding that it would be inequitable to allow the former husband to attack the validity of the 2000 Jordanian divorce decree in 2015 after having relied on it to marry and dissolve his 2011 marriage to the former wife.

*Affirmed.*

TAYLOR, J., concurs.
FORST, J., dissents with opinion.

FORST, J., dissenting.

I respectfully dissent with respect to the majority's opinion. As set forth below, Appellant Saad Albassam's Florida Rule of Civil Procedure 1.540(b)(4) motion to vacate a final judgment of dissolution of marriage demonstrates a colorable entitlement to relief. Thus, the appropriate course of action, in my opinion, would be to remand this matter for an evidentiary hearing.

## Background

Klob was initially married to Yazan Mohammed Alkhadra. In 2000, a court in Jordan issued a divorce decree, applying Sharia law. The decree stated a divorce date nearly two years earlier, likely to enable Klob's intervening marriage to her second husband, which in turn ended in divorce prior to Klob's 2011 marriage to Appellant.

In his challenge to the 2014 final dissolution of his marriage to Klob, Appellant argued below that Klob's Jordanian divorce from Alkhadra over a decade earlier was not valid under Florida law because neither Klob nor Alkhadra lived in Jordan when that first divorce decree was entered. As a result, Appellant claimed, the trial court lacked subject matter jurisdiction to enter the judgment dissolving his marriage to Klob. The trial court denied this motion without holding an evidentiary hearing.

## Analysis

The standard of review on a ruling on a motion for relief from judgment is whether there has been an abuse of the trial court's discretion. *Foche Mortg., LLC v. CitiMortgage, Inc.*, 163 So. 3d 525, 526 (Fla. 3d DCA 2015).

    A. *Appellant was entitled to an evidentiary hearing on his Rule 1.540(b) motion for relief*

A final judgment entered by a court that lacks subject matter jurisdiction is

void and subject to collateral attack at any time under Rule 1.540(b)(4). *Tannenbaum v. Shea*, 133 So. 3d 1056, 1060 (Fla. 4th DCA 2014); *Miller v. Preefer*, 1 So. 3d 1278, 1282 (Fla. 4th DCA 2009); *Strommen v. Strommen*, 927 So. 2d 176, 179 (Fla. 2d DCA 2006). When a marriage is invalid, a court lacks subject matter jurisdiction to issue a divorce decree. In *McGhee v. Biggs*, 974 So. 2d 524 (Fla. 4th DCA 2008), we held that "[a] judgment entered by a court which lacks subject matter jurisdiction is void and subject to collateral attack under rule 1.540 at any time." *Id.* at 526.

Appellant maintains that, since both Klob and her first husband were living in the United States and had no residential ties to Jordan at the time of their divorce, the Jordanian divorce decree should not be recognized under Florida law. "Florida courts will not recognize a foreign nation's divorce decree unless at least one of the spouses was a good faith domiciliary of the foreign nation at the time the decree was rendered." *In re Estate of Schorr*, 409 So. 2d 487, 489 (Fla. 4th DCA 1981); *see also Popper v. Popper*, 595 So. 2d 100, 103 (Fla. 5th DCA 1992).

Thus, Appellant argues, since Klob's first marriage was not legally terminated before she married him, they did not have a valid marriage and the trial court lacked subject matter jurisdiction to enter the divorce judgment.

> The law of Florida is that a marriage is not valid if one of the parties has a legal spouse at the time of the marriage. . . .
>
> Logically, it would not seem to matter why a previous marriage was still intact—whether the parties' attempted divorce was invalid or whether the parties never attempted a divorce at all. In either event, one continues to have a living and undivorced spouse which prevents such person from entering a new, valid marriage.

*Lopes v. Lopes*, 852 So. 2d 402, 403 (Fla. 5th DCA 2003) (citations omitted); *see also Oliver v. Stufflebeam*, 155 So. 3d 395, 397 (Fla. 3d DCA 2014) ("Where there is no valid marriage there can be no divorce."); *Barnett v. Barnett*, 787 So. 2d 946, 946-47 (Fla. 2d DCA 2001) (concluding that a divorce judgment should have been vacated as void under Rule 1.540 because the parties had already been divorced in Tennessee; the court did not have jurisdiction because there was no longer a valid marriage); *Groover v. Groover*, 383 So. 2d 280, 283 (Fla. 5th DCA 1980) (holding that where there was no valid marriage because the wife never divorced her first husband, "the court never acquired jurisdiction over the subject matter and its final judgment of divorce [was] void").

In denying Appellant's attempt to challenge the validity of the Jordanian decree, the trial court relied in large part upon *Gaylord v. Gaylord*, 45 So. 2d 507 (Fla. 1950). In that case, the Florida Supreme Court held, "[w]e should not

attempt to determine the validity of a decree of a sister state or of a foreign country." *Id.* at 509-10. However, in the very next sentence, the Court stated, "[m]ore certainly, we should not do so *unless something appears on the face of the record which discloses its invalidity.*" *Id.* at 510 (emphasis added). *Gaylord* is inapplicable here because the Jordanian decree is invalid under Florida law on its face.

Notwithstanding the cases cited above, the majority correctly emphasizes the following: <u>the parties' marriage is presumed to be valid and Appellant bears the burden to prove that it is not</u>. *See Cobo v. Sierralta*, 13 So. 3d 493, 497-98 (Fla. 3d DCA 2009) (holding that a husband who argued the marriage was void because the wife remained married to her first husband bore the burden to prove the invalidity of the marriage); *Stewart v. Hampton*, 506 So. 2d 70, 71 (Fla. 5th DCA 1987) (holding that "[t]he party attacking the legality of the last marriage has a burden of rebutting the presumption that the marriage is valid"); *Grace v. Grace*, 162 So. 2d 314, 317 (Fla. 1st DCA 1964) ("The presumption in favor of the validity of the subsequent marriage formally entered into is so great that in the absence of competent proof to the contrary it is to be assumed that the previous marriage has been dissolved either by death or legal action . . . ."); *see also Lopes*, 852 So. 2d at 405 (Griffin, J., dissenting) (opining that the majority improperly relieved the husband of his burden to establish that the parties' marriage was invalid because the wife remained married to her former husband).

To show that the parties' marriage is invalid, Appellant must prove that Klob remained married to Alkhadra at the time she married Appellant. Appellant sufficiently alleged that the Jordanian divorce decree is invalid, but he did not negate the possibility that either Klob or Alkhadra obtained another (valid) divorce decree, or that Alkhadra died, prior to the parties' marriage. *See Grace*, 162 So. 2d at 318; *Stewart*, 506 So. 2d at 72 (quoting *Darsey v. Darsey*, 167 So. 810 (1936)). Appellant did not have the opportunity to meet this burden because the trial court did not hold an evidentiary hearing. Because Appellant set forth a colorable entitlement to relief under Rule 1.540(b)(4), the trial court abused its discretion in summarily denying the motion. *See Cottrell v. Taylor, Bean & Whitaker Mortg. Corp.*, 198 So. 3d 688, 691 (Fla. 2d DCA 2016); *Schuman v. Int'l Consumer Corp.*, 50 So. 3d 75, 77 (Fla. 4th DCA 2010).

    *B. Equitable considerations must be taken into account in determining whether Appellant met his burden of proof to prevail on his motion*

In addition to *Gaylord*, the trial court (and the majority opinion) relied upon *Keller v. Keller*, 521 So. 2d 273 (Fla. 5th DCA 1988), ruling that it would be inequitable to allow Appellant to attack the validity of the Jordanian decree. However, *Keller* is distinguishable from the instant case because the husband in *Keller* was attacking the validity of *his own* prior divorce decree, whereas in the instant case Appellant is attacking the validity of <u>Klob's</u> divorce decree. *See id.*

5

at 276 (holding that the husband was estopped from asserting the invalidity of his prior divorce decree against his second wife, who did not take any part in obtaining the allegedly invalid decree). Nonetheless, I agree with the majority opinion that equitable considerations can be considered in determining whether Appellant met his burden of establishing the invalidity of both Klob's prior divorce and the parties' marriage.

Equitable factors to be taken account of include: the time that passed between Klob's Jordanian divorce and the 1.540(b)(4) motion, during which time Klob held herself out as divorced from her first husband; Klob's second marriage and divorce; evidence that Klob held herself out as Appellant's wife and Appellant held himself out as Klob's husband during the course of their marriage; the time that passed between the entrance of the parties' divorce decree and the 1.540(b)(4) motion challenging the validity of that decree, during which time the parties' acted in reliance on the divorce decree; and the short duration of the parties' marriage. *Cf. Lambertini v. Lambertini*, 655 So. 2d 142, 143 (Fla. 3d DCA 1995) (holding that husband was estopped from raising the validity of the parties' marriage where the parties had relied on the validity of the wife's prior Mexican divorce during the approximately thirty years that they held themselves out as married, noting "the strength of th[e] presumption [of validity of the marriage] increases with the passage of time during which the parties are cohabiting as husband and wife").

## Conclusion

Where a Rule 1.540(b) motion demonstrates a colorable entitlement to relief, it is an abuse of discretion to deny the motion without holding an evidentiary hearing. *Schuman,* 50 So. 3d at 77. Accordingly, I would reverse and remand for an evidentiary hearing. On remand, it would be Appellant's burden to establish that Klob remained legally married to her first husband at the time of the parties' marriage. Should he be successful, the burden would then shift to Klob to establish that equitable considerations, as discussed above and in *Keller,* favor estopping Appellant's challenge to the validity of the divorce decree at issue in this case. As I would remand, I respectfully dissent.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***